(September 24, 1974)

■ NOVAK & CO., INC., Appellant, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK (BRONX COMMUNITY COLLEGE), Respondent.— Order, Supreme Court, New York County, entered on January 30, 1974, which vacated a prior order granting plaintiff's motion for an inquest and granted defendant's motion to compel plaintiff to accept an answer, unanimously affirmed, without costs and without disbursements. There can be no question that the delay in service of an answer in this action to recover some $380,000 was not deliberate, but entirely inadvertent. While we recognize that the great volume of pleadings which are processed in the office of the Corporation Counsel will sometimes result in inadvertent failure timely to serve an answer, when such a default does occur any application to open such a default should not be treated in the cavalier fashion demonstrated by the moving papers herein. (See *Bermudez* v. *City of New York*, 22 A D 2d 865.) As we ruled in *Bermudez*, failure to make a more appropriate showing of a sufficient excuse and a meritorious defense impels us to deny costs on this appeal. Concur — Nunez, J. P., Kupferman, Murphy, Tilzer and Lane, JJ.

(September 26, 1974)

■ In the Matter of EMIKO KLEIN, Petitioner, v. HAROLD BAER et al., Respondents.— Application to direct respondents to proceed in summary fashion on writ of habeas corpus brought on by petitioner, unanimously denied, cross motion to dismiss granted, and the petition dismissed, without costs and without disbursements, and respondent Klein's cross motion for a stay denied. In this proceeding for custody of two children, the court-appointed psychiatrist having resigned, a substitute psychiatrist should be appointed forthwith, and the matter should proceed to hearing expeditiously. Concur — Markewich, J. P., Kupferman, Lupiano, Steuer and Capozzoli, JJ.

■ SHEILA OKPAKU, Respondent, v. JOSEPH OKPAKU, Appellant.— Order, Supreme Court, New York County, entered on February 28, 1974, awarding plaintiff temporary alimony of $50 per week, child support of $150 per week, and counsel fees of $1,600, unanimously modified, on the facts and in the exercise of discretion, to the extent of striking the provisions for temporary alimony and counsel fees, without prejudice to plaintiff's right to apply to the trial court for counsel fees, and otherwise affirmed, without costs and without disbursements. Giving due consideration to all of the circumstances disclosed in the record before this court, and in particular to the fact that plaintiff, an attorney and assistant professor of law, has the present ability to be self-supporting (Domestic Relations Law, § 236), we conclude that temporary alimony and counsel fees are not justified. Concur — Markewich, J. P., Kupferman, Lupiano, Steuer and Capozzoli, JJ.