■ ETHELYN D. MORGAN, Appellant, v CHARLES R. MORGAN, Respondent. ETHELYN D. MORGAN, Respondent, v CHARLES R. MORGAN, Appellant. —Judgment, Supreme Court, New York County, entered June 23, 1975, unanimously modified, on the law and the facts and in the exercise of discretion to reduce alimony to the sum of $75 weekly, and otherwise affirmed, without costs and without disbursements. The separate appeal from the order entered June 23, 1975, denying defendant's motion to modify the decision, is unanimously dismissed, without costs and without disbursements, said order having been reviewed on appeal from the judgment. The alimony of $100 per week awarded below was predicated upon plaintiff's ambition to obtain entrance to medical school and receive an M. D. degree. It is not disputed that the plaintiff has present earning ability, which the court below believed might be at least $10,000 per year. A wife's ability to be self-supporting is relevant when determining the amount of support a husband is to provide (Domestic Relations Law, § 236; *Phillips v Phillips*, 1 AD2d 393, affd 2 NY2d 742; *Kover v Kover*, 29 NY2d 408; *Brownstein v Brownstein*, 25 AD2d 205, 208; *Okpaku v Okpaku*, 45 AD2d 951, app dsmd 35 NY2d 820; *Wellington v Wellington*, 47 AD2d 881). Absent a compelling showing that the wife cannot contribute to her own support, courts have "imputed" or deducted a wife's potential earnings from the amount which would otherwise be found payable as alimony by her ex-husband. (See *Paget v Paget*, 36 AD2d 813, and *Greene v Greene*, 40 AD2d 788, 789.) While this court recognizes plaintiff's goal in medicine, this pursuit was never in the contemplation of the parties during marriage and appears to be of recent origin. The law requires that the alimony award should be predicated upon the present circumstances of the parties. Although the wife's ambition is most commendable, the court below was in error in including in the alimony award moneys for the achievement of that goal. Order of the Supreme Court, New York County, entered October 15, 1975, directing plaintiff to re-enroll the parties' infant son in the Cathedral School is unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements and the motion denied, without prejudice to an application by defendant for a reduction of child support theretofore granted. See judgment and order entered June 23, 1975. Justice Gomez's order fails to specify whether the child should continue at private school, or, if he did so continue, who should pay the tuition and other expenses of his attendance. It is understood that under any circumstances the child will be permitted to finish the school year at Cathedral School, that is, to June, 1976. Order of the Supreme Court, New York County, entered January 26, 1976, denying plaintiff's application for an order punishing defendant for contempt for his alleged failure to pay child support, unanimously affirmed, without costs and without disbursements. We agree with the court below that defendant did not willfully disregard the judgment and orders of the Supreme Court. Concur—Kupferman, J. P., Lupiano, Birns, Silverman and Nunez, JJ. [81 Misc 2d 616.]