■ VINCENT CASTALDO et al., Respondents, v 7-ELEVEN, a Division of the Southland Corporation, Appellant.—In an action, *inter alia,* to rescind an agreement on the ground of fraud in the inducement, defendant appeals from so much of an order of the Supreme Court, Nassau County, dated January 20, 1977, as denied its cross motion to compel arbitration or, in the alternative, to dismiss the complaint. Order reversed insofar as appealed from, without costs or disbursements, and cross motion granted insofar as it seeks to compel arbitration. The arbitration clause in question is sufficiently broad to permit submission to arbitration on the issue of whether the contract was fraudulently induced (see *Matter of Amphenol Corp. [Microlab],* 49 Misc 2d 46, 47; *Housekeeper v Lourie,* 39 AD2d 280, 281; cf. *Matter of Weinrott [Carp],* 32 NY2d 190, 196, 199). Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.

■ RENEE J. EISEN, Respondent, v ALAN G. EISEN, Appellant.—In a matrimonial action, defendant appeals from the alimony, support and counsel fee provisions of a judgment of divorce of the Supreme Court, Nassau County, dated December 13, 1976. Judgment modified, on the law and the facts, by (1) deleting therefrom the provision for the payment of alimony and (2) reducing the counsel fee awarded to the amount of $500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The plaintiff-respondent has been employed as a school-teacher for the past seven years and earns a gross yearly salary of $15,600, with a net weekly salary of $222. In view of her ability to be self-supporting, an award of alimony was unwarranted. The counsel fees were excessive to the extent indicated herein. The award for the support of the parties' minor daughter was not excessive. Although the wife was not qualified to testify that the daughter was suffering from Hodgkin's disease, the record amply establishes that she was seriously ill and required continuous medical treatment. Further, the constitutionality of sections 32 and 240 of the Domestic Relations Law is not properly an issue on this appeal as it was not raised at Special Term. Hopkins, J. P., Shapiro, Mollen and O'Connor, JJ., concur.