■ SHERRY FINDER, Appellant-Respondent, v ROBERT FINDER, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered March 23, 1978, granting plaintiff a divorce on the grounds of abandonment and awarding alimony in the amount of $500 per month and arrears in the amount of $1,800, unanimously modified, on the law and the facts, to the extent that the second decretal paragraph of the judgment appealed from (which directs alimony) be stricken, effective as of the date of the order to be entered hereon, and, as so modified, affirmed, without costs and disbursements. Appeals from the order of said court entered May 10, 1977 granting plaintiff $300 per month alimony and the order of said court entered February 10, 1978 which directed a $200 increase in alimony (to $500 per month), dismissed without costs and without disbursements, as academic as said orders are reviewed on appeal from the judgment. Although a separate appeal from an intermediate order does not survive the entry of a final judgment (Jema Props. v McLeod, 51 AD2d 702), CPLR 5501 (subd [a], par 1) provides that an appeal from a final judgment brings up for review any order which necessarily affects the final judgment. The parties were married on May 2, 1969 and separated on October 12, 1975. Although there is no issue of this marriage, the plaintiff has a son of college age of a prior marriage and the defendant has two daughters, both minors, of a prior marriage. Plaintiff, 46 years of age, owns three co-operative apartments having a purported value of $150,000 to $200,000. The value of plaintiff's first husband's estate was approximately $500,000; the bulk of it divided

into two trusts. Plaintiff is the life income beneficiary of one trust with power of appointment and the income beneficiary of the other until her son reaches 21 years of age, whereupon he is to receive the principal. In addition, plaintiff is able to invade the principal to the extent of $10,000 per year. Apparently some of plaintiff's assets have been dissipated through unfortunate investment. It also appears that plaintiff has some business experience, having been president of her and her former husband's manufacturing business for the period of 1962 to 1966, which business was sold to realize the bulk of plaintiff's assets. Defendant is 43 years old and is employed at an annual salary of $31,452 with no assets except an interest in his mother's estate. He receives $420 monthly Social Security payments for the benefit of his two daughters. The ultimate determination in an award of alimony depends upon a balancing of several factors, including the financial status of the parties, their age, health, necessities and obligations, their station in life, the length of the marriage, the conduct of the parties and the wife's ability to be self-supporting (*Kover v Kover,* 29 NY2d 408, 415-416). Indeed, this court has already noted that "Absent a compelling showing that the wife cannot contribute to her own support, courts have 'imputed' or deducted a wife's potential earnings from the amount which would otherwise be found payable as alimony by her ex-husband" (*Morgan v Morgan,* 52 AD2d 804). After scrutiny of the record and applying the principles enunciated above to the case at bar, it is concluded that a fair balance of the equities does not require any alimony award. Accordingly, the judgment appealed from is modified to the extent that prospectively no alimony be awarded to plaintiff, effective as of the date of the order to be entered hereon. The motion by plaintiff for an order dismissing defendant's cross appeal is denied as academic in view of the disposition of the appeal decided simultaneously herewith. Concur—Murphy, P. J., Lupiano, Markewich, Sandler and Sullivan, JJ.