■ EILEEN W. PARKE, Respondent, v RUSSELL B. PARKE, Appellant.—In a matrimonial action in which the plaintiff was granted a divorce, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated March 5, 1979, as, *inter alia,* (1) granted defendant's motion for a downward modification of the alimony provision of the judgment of divorce, only to the extent of reducing the payments from $450 per month to $200 per month, retroactive to April 7, 1978 and (2) granted plaintiff's cross motion to sequester an interest in defendant's pension fund to the extent of $250 per month. Order modified, on the law, (1) by striking the first decretal paragraph thereof and (2) by reducing in the third and fifth decretal paragraphs thereof the pension fund interest of defendant subject to sequestration to $50 per month. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and action remanded to Special Term for a *de novo* hearing in accordance herewith. In the interim the defendant shall continue to pay alimony of $200 per month to the plaintiff. The record on appeal reveals that at the time of the hearing in connection with defendant's motion and plaintiff's cross motion, plaintiff's gross yearly salary was substantially in excess of $14,000. Since such fact and other evidence adduced strongly indicates that she is self-supporting any award of alimony would seem to be unwarranted (cf. *Eisen v Eisen,* 59 AD2d 521). However, it should also be noted that although plaintiff's attorney did announce that his client would take the stand after the conclusion of defendant's testimony, the Judge conducting the hearing dissuaded her from testifying by stating that her testimony was not needed since the matter involved a motion to decrease alimony, not increase it, and therefore she did not "have to justify anything." In our opinion, the hearing court, in making such observation, effectively prevented plaintiff from giving a firsthand account both of her need for continued support from defendant, and the extent thereof. Accordingly, in order that there be a complete record on the issue of continued alimony payments to plaintiff the matter is remanded for a *de novo* hearing on such issue. At such hearing not only should plaintiff be permitted to testify, but each party may submit any other evidence considered relevant. With respect to the portion of the order directing sequestration of defendant's pension fund, we believe that for the present the amount so fixed should be $50 per month, which is the amount the hearing court directed as the monthly payment to be made toward arrears in alimony. Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur.