■ Cecilia Lite, Respondent, v Theodore Lite, Appellant. — In a divorce action, the defendant husband appeals (1) from so much of an order of the Supreme Court, Nassau County, entered June 25, 1979, as denied his motion to set aside the decision of the trial court dated May 22, 1979, and (2) from stated portions of a judgment of the same court, entered July 3, 1979, which, after a nonjury trial, *inter alia,* (a) granted a judgment of divorce to plaintiff on the ground of cruel and inhuman treatment and dismissed defendant's counterclaim for divorce based upon plaintiff's alleged adultery; (b) granted plaintiff exclusive possession of the former marital residence and all the personal property therein, until such time as the younger child is emancipated or plaintiff remarries; (c) ordered defendant to pay the sum of $20 per week as alimony; and (d) directed that defendant continue to pay the monthly mortgage payments on the former marital residence, including principal, interest, real estate taxes and fire and liability insurance, and to pay for any structural repairs. Appeal from the order dismissed, without costs or disbursements. (See *Matter of Aho,* 39 NY2d 241, 248.) Judgment modified, on the law and the facts, (1) by deleting therefrom the provision which directed the defendant husband to pay the wife the sum of $20 per week alimony, and substituting therefor a provision denying plaintiff's application for alimony, (2) by deleting the second decretal paragraph, which dismissed defendant's counterclaim for divorce, and substituting therefor a provision granting defendant a divorce on his counterclaim, and (3) by deleting the provisions which granted the wife exclusive possession of the marital residence and required defendant to pay mortgage and other expenses set forth above and related to the marital residence. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remanded to Special Term for further consideration as to the disposition of the marital residence. Pending determination on remand, the wife may continue exclusive occupancy of the marital residence. The record indicates sufficient evidence of the wife's behavior to justify a judgment for the appellant on his counterclaim for divorce on the ground of adultery. Each party is thus granted a divorce. On remand the court should reconsider the question of the disposition of the marital residence. It is hoped that the parties, bearing in mind the welfare of the minor children, can reach a reasonable accommodation with regard to the residence. The award of alimony to the wife is unwarranted because of her misconduct and should be deleted from the final judgment of divorce. (See *Lebensfeld v Lebensfeld,* 72 AD2d 790.) The award of alimony was also unwarranted becuse of the wife's

ability to be self-supporting. (See *Eisen v Eisen*, 59 AD2d 521.) Damiani, J. P., O'Connor, Weinstein and Thompson, JJ., concur.