■ Michelle G. Shanahan, Respondent, v Peter M. Shanahan, Appellant. (Appeal No. 1.) — Judgments unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment dated March 13, 1980 which: granted plaintiff a divorce and denied defendant's counterclaim for divorce; granted plaintiff custody of their child; ordered defendant to pay alimony of $75 per week and child support of $75 per week; divided the parties' joint bank accounts and ordered that the marital residence be sold and the proceeds divided equally. The appeal originally questioned the court's disposition of personal property. That issue has been resolved and is no longer before us and plaintiff's cross appeal has been withdrawn. The second appeal by defendant is from a subsequent order and judgment enforcing the provisions of the original judgment generally and ordering payment of past alimony and support. The award of $75 per week alimony is excessive in view of the evidence in the record. The judgment is modified by reversing the provisions for alimony, and the matter is remitted to Supreme Court, Erie County for a new determination of whether plaintiff is entitled to alimony and, if so, how much. The order of enforcement is reversed. On remand, after redetermining the application for alimony, the court should also decide whether plaintiff should refund all or part of the payments previously received from defendant, considering all the circumstances. Plaintiff and defendant were married in 1971 and they have a three-year-old child. They jointly own a home appraised at $70,000 and encumbered by a mortgage securing a principal debt of approximately $28,000. Plaintiff is a

college graduate and has been employed as a clerk-typist in the library at SUNY at Buffalo continuously (except for maternity leave) since before her marriage, and at the time of the divorce, earned $10,200 per year. Defendant is an engineer employed at Bethlehem Steel and an Air Force reservist. In 1979, a year of unusually high earnings, his gross from Bethlehem was about $24,000 and his reservist's pay was $3,200. His average income from Bethlehem is about $20,000 per year and his reservist's pay $2,500 to $3,000 per year. A husband is required, if he is able, to provide his divorced wife with sufficient income to maintain the style of living that she enjoyed prior to divorce *(Hickland v Hickland,* 39 NY2d 1, 5, cert den 429 US 941). In fixing the amount of alimony to be paid the court should consider and balance such factors as the length of the marriage; the wife's ability for self-support; the economic burden to the payor; the wife's diminution in earning capacity by reason of marriage; the wife's contributions to the husband's career; and the age, health and needs of the parties (see *Kover v Kover,* 29 NY2d 408, 415-416; see, also, *Finder v Finder,* 65 AD2d 536, app dsmd 46 NY2d 867). In this case, the only relevant issues concern plaintiff's needs and her ability to be self-supporting. The marriage was a relatively short one and the wife has not damaged her earning capacity by reason of it. On the contrary, she completed a college course and obtained a degree in psychology while married and she was 28 years old and in good health at the time of the divorce. Although her salary of $10,200 may appear modest, she testified that she retains her present job below her educational level by choice for personal reasons. Nor can it be fairly said that she made any "contribution" to her husband's career. Accordingly, her proven ability to be self-supporting should be considered in offsetting the amount of alimony to which she would otherwise be entitled *(Kover v Kover,* 29 NY2d 408, 416, supra; *Morgan v Morgan,* 52 AD2d 804; *Parke v Parke,* 72 AD2d 792; *Eisen v Eisen,* 59 AD2d 521; *Lee v Lee,* 41 AD2d 557). At the time of the divorce, plaintiff hoped to retain possession of the marital home and more than half of her listed necessary expenses related to maintaining the property. The property however has now been sold by direction of the court. As a result, plaintiff's shelter expenses have changed and she has received a substantial sum of money as her share of the equity. Remittitur is therefore required to reconsider her needs. Defendant also requests that the court consider, after redetermination of alimony, whether all or part of the sum that defendant has previously paid plaintiff should be refunded to him. The court has the power to order a modification retroactively (see *Bottner v Bottner,* 39 AD2d 680; see, also, Domestic Relations Law, § 236, part A, subd 1; *Harris v Harris,* 259 NY 334, 337; *Nudelman v Nudelman,* 10 AD2d 857; *Van Dusen v Van Dusen,* 258 App Div 1020), although it normally would not do so because of the hardship of forcing a wife to repay a potentially large sum of money. In this action that may not be the case. It has been less than one year since the judgment of divorce was entered and, at most, plaintiff would be required to repay approximately $4,000. In view of the large amount of cash she was awarded in the divorce and her share of the proceeds from the sale of the house, repayment of this amount, if justified, may not be unduly burdensome. The other issues raised by the parties require no further modification of the judgment or order. (Appeals from judgments of Erie Supreme Court — divorce.) Present — Cardamone, J. P., Simons, Callahan, Denman and Schnepp, JJ.