■ CECILIA LITE, Appellant, v THEODORE LITE, Respondent. — In a divorce action, the plaintiff wife appeals (1) from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated October 7, 1981, as denied the branches of her motion which sought counsel fees for defending a prior appeal and for this application, and an upward modification of weekly child support payments, and (2) as limited by her brief, from so much of a further order of the same court, dated November 13, 1981, as, upon reargument, adhered to the original decision. Appeal from the order dated October 7, 1981, dismissed. That

order was superseded by the order granting reargument. Order dated November 13, 1981, modified, on the facts, by adding thereto, after the provision adhering to the original decision, the following: "except that so much thereof as denied plaintiff's application as to weekly child support payments is vacated and the amount of child support is increased to $125 per week." As so modified, order affirmed, insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements. Taking into consideration both the children's needs and the financial means of each party (*Matter of Gould v Hannan,* 57 AD2d 517, affd 44 NY2d 932), defendant's weekly child support obligation should be increased from $80 to $125 per week for the children of the marriage. While plaintiff is not entitled to alimony or exclusive possession of the former marital residence in view of her own misconduct, defendant is obligated to share the increased expense of providing alternate housing for his children after the sale of the marital residence and the equal division of the proceeds derived therefrom (see *Mazur v Mazur,* 38 AD2d 951; *Werner v Werner,* 55 AD2d 735). With respect to her application for an award of counsel fees covering the instant application and the cost of having to defend a prior appeal to this court (*Lite v Lite,* 80 AD2d 602, app dsmd 54 NY2d 680), plaintiff has failed to demonstrate an inability to pay such fees (see *Standley v Standley,* 83 AD2d 863). Moreover, this court has previously determined, based upon the evidence adduced at trial, that plaintiff has the ability to be self-supporting (*Lite v Lite,* 80 AD2d 602, 603, *supra*). Accordingly, plaintiff's application for counsel fees was properly denied. Weinstein, J. P., Thompson, Bracken and Boyers, JJ., concur.