■ JOHN A. PEDERSEN, Appellant, v ELLEN E. PEDERSEN, Respondent. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The parties were married in 1958 and their sole issue, a daughter, was born on October 8, 1965. Defendant earned an associate degree in nursing in 1978, and prior to plaintiff's commencement of this matrimonial action she enrolled in the State University of New York at Buffalo to earn her bachelor's degree in nursing. In granting a decree of divorce to defendant, the court directed plaintiff to pay alimony of $200 per week "until the Defendant has received her college degree" and further directed plaintiff to pay defendant's college tuition. Plaintiff argues that because defendant is capable of self-support she is not entitled to alimony; that the judgment improperly permits defendant to determine the duration of the alimony payments since the zeal with which she pursues her college education is left to her discretion; and that there is no authority for requiring a husband to pay for a wife's higher education (see *Morgan v Morgan,* 52 AD2d

804, app dsmd 40 NY2d 843). One of the purposes of alimony is to enable a wife to maintain a standard of living within some approximation of the standard enjoyed prior to divorce (*Hickland v Hickland*, 39 NY2d 1; *Kay v Kay*, 37 NY2d 632; 2 Foster-Freed, Law and the Family, § 22:25). The award here, including the direction that plaintiff pay the tuition in order that defendant might complete a course of study already commenced, serves that purpose by taking into account the wide disparity between plaintiff's earnings and defendant's earning potential, and offers defendant an opportunity to narrow that disparity, thus distinguishing this case from *Morgan v Morgan* (52 AD2d 804, *supra*). Nor may it be said that the judgment here encourages dependency upon alimony (see *Cognetto v Cognetto,* 60 AD2d 785; *Hahn v Hahn,* 40 AD2d 624); indeed, it has the opposite effect. Although the award of alimony should be affirmed, its duration should be more particularly defined. The direction that the alimony shall be paid "until the Defendant has received her college degree" should be conditioned upon defendant continuing as a full-time student successfully completing the .required courses of study for achievement of the bachelor's degree. The requirement that plaintiff "continue to pay the defendant's tuition until such time as she has finished her schooling" should also similarly he conditioned. The award to defendant of exclusive possession of the marital premises "until the infant child of the parties * * * finishes college" must also be modified to provide for such exclusive possession until the child reaches 21 years of age or is sooner emancipated (see *Weseley v Weseley*, 58 AD2d 829). That part of the judgment which impresses a constructive trust upon the marital residence and directs plaintiff to convey "an undivided one-half interest of legal title to the Defendant" must be reversed. While the evidence supports the findings of the trial court that defendant contributed to the purchase price of the marital residence and that all of the elements of a constructive trust were present (see *Bankers Security Life Ins. Soc. v Shakerdge,* 49 NY2d 939), the action to impose a constructive trust is barred by the Statute of Limitations (CPLR 213; see *Scheuer v Scheuer*, 308 NY 447; cf. *Augustine v Szwed*, 77 AD2d 298). We find no basis in the record on which plaintiff should be estopped from pleading the Statute of Limitations as a defense. It follows, of course, that so much of the judgment as directs that the marital premises shall later be sold and the proceeds divided equally must be vacated. Finally, while it is true that defendant is not entitled to an award of counsel fees on that part of the litigation seeking imposition of a constructive trust (Domestic Relations Law, § 237, subd [a]; *Lamborn v Lamborn*, 56 AD2d 623, mot for lv to app dsmd 42 NY2d 910), the award of $2,000 is reasonable for the matrimonial aspects of the litigation, and will not be disturbed. (Appeal from judgment of Supreme Court, Erie County, Denman, J. — divorce.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Boomer, JJ.