■ ALEXANDRIA P. PATRIZIO, Respondent-Appellant, v LOUIS A. PATRIZIO, Appellant-Respondent. (Appeal No. 1.) — Case held, decision reserved and matter remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: A trial court has wide discretion to determine the issue of cruel and inhuman treatment and such a determina-

tion will not lightly be overturned on appeal (*Davis v Davis,* 83 AD2d 547). The record clearly supports the grant of dual divorces (*Hessen v Hessen,* 33 NY2d 406). However, with respect to other issues involved in the divorce action, the trial court failed to comply with the duty imposed upon it by statute to "state the facts it deems essential" to its decision (CPLR 4213, subd [b]). It is thus impossible to review the decretal paragraphs of the judgment relating to custody, visitation, child support and counsel fees in any informed manner. It will be necessary for the trial court to make the appropriate findings on these issues (*Muscarella v Muscarella,* 93 AD2d 993; *Buckley v Buckley,* 93 AD2d 973; *Shanahan v Shanahan,* 80 AD2d 738; *Berlin v Berlin,* 60 AD2d 861; *Alleyne v Alleyne,* 46 AD2d 785). The trial court properly granted plaintiff's motion to compel defendant to pay the rent. Plaintiff's change of residence did not absolve defendant from his obligation to continue payment of this necessary expense. (Appeals from judgment of Supreme Court, Oneida County, McKennan, J. — divorce.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ. [See __ AD2d __, decided Sept. 23, 1983.]