tion will not lightly be overturned on appeal (*Davis v Davis*, 83 AD2d 547). The record clearly supports the grant of dual divorces (*Hessen v Hessen*, 33 NY2d 406). However, with respect to other issues involved in the divorce action, the trial court failed to comply with the duty imposed upon it by statute to "state the facts it deems essential" to its decision (CPLR 4213, subd [b]). It is thus impossible to review the decretal paragraphs of the judgment relating to custody, visitation, child support and counsel fees in any informed manner. It will be necessary for the trial court to make the appropriate findings on these issues (*Muscarella v Muscarella*, 93 AD2d 993; *Buckley v Buckley*, 93 AD2d 973; *Shanahan v Shanahan*, 80 AD2d 738; *Berlin v Berlin*, 60 AD2d 861; *Alleyne v Alleyne*, 46 AD2d 785). The trial court properly granted plaintiff's motion to compel defendant to pay the rent. Plaintiff's change of residence did not absolve defendant from his obligation to continue payment of this necessary expense. (Appeals from judgment of Supreme Court, Oneida County, McKennan, J. — divorce.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ. [See __ AD2d __, decided Sept. 23, 1983.]

■ ALEXANDRIA P. PATRIZIO, Respondent, v LOUIS A. PATRIZIO, Appellant. (Appeal No. 2.) — Order and judgment unanimously affirmed, without costs. Same memorandum as in *Patrizio v Patrizio* (Appeal No. 1) (94 AD2d 971). (Appeal from order and judgment of Supreme Court, Oneida County, McKennan, J. — divorce). Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ WENDY L. McCANN, Respondent, v FRANCIS E. McCANN, Appellant. (Appeal No. 1.) — Order unanimously affirmed, with costs. Memorandum: Defendant's motion to compel plaintiff and her newborn child to submit to a blood-grouping test was properly denied. Paternity was not in issue inasmuch as defendant's allegation of adultery had been dismissed (see CPLR 3101, subd [a]). Defendant's motion to amend his pleadings to reassert the adultery claim, brought one day prior to jury selection, was also properly denied. The order dismissing that claim provided defendant with 20 days to amend his answer, and plaintiff's counsel stipulated to a further extension. By his failure to amend, defendant waived that right. If he lacked sufficient evidence on which to amend within the period provided, he should have sought an extension to permit additional disclosure or entered into a written stipulation with counsel (CPLR 2104; see *Eaton v Equitable Life. Assur. Soc. of U. S.*, 56 NY2d 900, 903). "Each party is entitled to expect the other to observe time requirements during the course of litigation, and both are equally subject to prejudice from failure to observe such requirements" (*Eaton v Equitable Life. Assur. Soc. of U. S., supra*, p 903). (Appeal from order of Supreme Court, Erie County, Mintz, J. — amend answer.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ WENDY L. McCANN, Respondent, v FRANCIS E. McCANN, Appellant. (Appeal No. 2.) — Order unanimously affirmed, without costs. Same memorandum as in *McCann v McCann* (Appeal No. 1) (94 AD2d 972). (Appeal from order of Supreme Court, Erie County, Johnson, J. — blood-grouping test.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ In the Matter of JAMES E. BADURA et al., Respondents, v FRANK GUELLI et al.; Constituting the Town Board of the Town of Walworth, Respondents, and MARK VOELCKERS, Appellant. — Order unanimously affirmed, with costs. Memorandum: At issue on this appeal is the validity of a resolution of the Walworth Town Board that rezoned appellant's 52-acre parcel of land from residential to industrial in order to permit him to relocate his automobile