■ SUSANNA HARNESS, Respondent, v CHRISTOPHER M. HARNESS, Appellant. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The parties were married in October, 1971 and separated in June, 1981. Plaintiff wife was granted a judgment of divorce based upon defendant's cruel and inhuman treatment. Defendant's appeal relates only to the trial court's distribution of marital property and its award of maintenance to plaintiff. His argument that the court erred in finding that the marriage was one of "equal partnership" is without merit. Although defendant's financial contribution to the marital property was greater than plaintiff's, the trial court properly concluded that the wife's contribution of her homemaking services, as well as her financial contribution, entitled her to an equal part of the marital property (Domestic Relations Law, § 236, part B, subd 5, pars c, d; *Forcucci v Forcucci,* 83 AD2d 169; cf. *Kobylack v Kobylack,* 110 Misc 2d 402, mod 96 AD2d 831). The judgment must be modified, however, with respect to the award of maintenance. The court directed that defendant pay to plaintiff the sum of $100 per week for a period of four years, commencing retroactively from the date of the parties' separation. Plaintiff first requested an award of maintenance in her summons and complaint, and the judgment is modified to make the award retroactive only to the date of commencement of the action (*Abrusci v Abrusci,* 79 AD2d 980; see Domestic Relations Law, § 236, part B, subd 6, par a). Additionally, we find that the maintenance award in the amount of $100 per week for four years was proper in amount but excessive in duration. At the

time of trial plaintiff was employed at a weekly salary of $259 and was then in a training program intended to enhance her prospects of increasing her income. She was, however, in debt in the sum of $6,000 which she borrowed from her parents in order to support herself during the period of her earlier unemployment. Taking into consideration her indebtedness and her future capacity to be self-supporting (see Domestic Relations Law, § 236, part B, subd 6, par a, cl [3]), an award of maintenance for a reasonable period of time was appropriate (cf. *Shanahan v Shanahan,* 80 AD2d 738). In the circumstances of this case, however, we conclude that the period of maintenance must be modified to be measured from the date of the commencement of the action to the date of entry of the order on this appeal. (Appeal from judgment of Supreme Court, Monroe County, Mastrella, J. — divorce.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.