■ CYNTHIA LEMCZAK, Respondent, v MYRON LEMCZAK, Appellant. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The parties, who were married in February, 1969 and separated in August, 1983, were granted mutual judgments of divorce based upon each other's cruel and inhuman treatment. Defendant appeals from the trial court's distribution of marital property and award of child support and maintenance. His argument that the court erred in finding that plaintiff was entitled to an equal part of the marital property is without merit (see *Harness v Harness,* 99 AD2d 658; *Forcucci v Forcucci,* 83 AD2d 169). We also affirm the award of child support, including the required contribution into a trust for the children's education. The judgment must be modified, however, with respect to the indefinite $50 weekly maintenance award, since the court failed to give appropriate consideration to all of the factors that must be considered in making an award of maintenance (Domestic Relations Law, § 236, part B, subd 6, par a). It failed, in particular, to balance plaintiff's needs against her proven ability to be self-supporting (see *Harness v Harness, supra; Shanahan v Shanahan,* 80 AD2d 738). She was 35 years old and in

excellent health at the time of the divorce; she possesses secretarial skills evidenced by her part-time employment and in view of the age of the children, full-time employment would not involve child care costs. In the circumstances of this case, we conclude that any award of maintenance was inappropriate. (Appeal from judgment of Supreme Court, Cayuga County, De Pasquale, J. — divorce.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.