■ WALTER LIPOW, Appellant, v ANN LIPOW, Respondent. ▬

In order to obtain a reduction or elimination of the support and other financial provisions of the divorce judgment, the plaintiff had the burden of showing a substantial change in circumstances (*see, Patell v Patell,* 91 AD2d 1028; Domestic Relations Law § 236 [B] [9] [b]; *Hickland v Hickland,* 56 AD2d 978). The plaintiff, who had been forced to retire from a lucrative dental practice due to a neurological disability, testified that he was employed full time teaching library skills to elementary school children at a salary of approximately $7,800 per year at the time of the hearing at Special Term. Our review of the record indicates that the plaintiff was capable of earning a substantially higher income (*see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941). Indeed, Special Term rejected the plaintiff's evidence as to his earnings, and other evidence adduced by the plaintiff as to his over-all financial condition, as "unbelievable".

The only change in circumstances proven by the plaintiff was that the defendant wife had become employed. Since "the ability to be self-supporting is one of many factors to be considered by the court in awarding alimony" (*McClusky v McClusky,* 87 AD2d 973; *see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941, *supra; Kover v Kover,* 29 NY2d 408), Special Term properly modified the plaintiff's support and other financial obligations pursuant to the judgment of divorce only by reducing the plaintiff's alimony obligation by $4,500 per year.

We find no merit in the other contentions raised by the plaintiff. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.