■ KAREN KANSKY, Respondent, v ANDREW R. KANSKY, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered June 28, 1988, as denied his motion for a downward modification of the pendente lite award of maintenance and child support.

Ordered that the order is reversed insofar as appealed from,

on the law, without costs or disbursements, and the defendant's motion for a downward modification of the pendente lite award of maintenance and child support is granted to the extent of limiting the defendant's obligation to pay the carrying charges for the marital residence to the extent of paying the mortgage of $313 per month, reducing the amount of child support from $300 per week to $200 per week, and vacating the award of maintenance of $75 per week, effective as of April 8, 1988, the date the defendant's application was made, and the matter is remitted to the Supreme Court, Westchester County, for a recalculation of any arrears.

Domestic Relations Law § 236 (B) (9) permits either party to apply for a modification of any order for maintenance and support upon a showing of a substantial change in circumstances. In this case, the undisputed evidence shows that within a few months after the original pendente lite award, the plaintiff wife obtained full-time employment at an annual salary nearly three times as much as her prior salary. Since the ability of the recipient spouse to be self-supporting is one of the many factors to be considered in awarding maintenance or child support, the court should have exercised its discretion to modify its original award (see, e.g., Bofford v Bofford, 117 AD2d 643, 646; Lipow v Lipow, 110 AD2d 756). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.