■ CLAUDE SASSON, Appellant, v ABRAHAM SASSON, Respondent.—In a matrimonial action in which the parties were previously divorced by judgment entered July 6, 1977, the plaintiff wife appeals, as limited by her brief, from so much of

an order of the Supreme Court, Queens County (Modugno, J.H.O.), dated December 12, 1988, as after a hearing, granted that branch of the defendant husband's motion which was to terminate his obligation to pay alimony and denied her cross motion to compel the defendant to pay additional child support.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination in accordance herewith and for a recalculation of any arrears of child support.

It is undisputed that the plaintiff wife has been gainfully employed since 1984 and, at that time, was earning over $23,000 more than she had been when the alimony award was made. Accordingly, "[s]ince the ability of the recipient spouse to be self-supporting is one of the many factors to be considered" in awarding spousal support (Kansky v Kansky, 150 AD2d 525, 526; see, Lipow v Lipow, 110 AD2d 756), the Supreme Court properly terminated the defendant husband's obligation to pay alimony.

Moreover, we agree with the Supreme Court's interpretation of the 1977 stipulation of settlement and hold that the term "extra-compensation" was not intended to encompass an increase in the defendant husband's regular salary. Given the facts and circumstances presented, a contrary interpretation would produce an absurd result.

However, we cannot ascertain from this record whether the defendant husband met his obligation to pay additional child support during the years 1977 through 1980, a time in which he freely admits to having received bonuses. Accordingly, the matter is remitted to the Supreme Court, Queens County, for a recalculation of any child support arrears which might be due and owing to the plaintiff wife. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.