■ SAUL LIPTON, Appellant-Respondent, v SANDRA LIPTON, Respondent-Appellant. [616 NYS2d 226] —In a matrimonial action in which the parties were divorced by judgment entered July 10, 1987, (1) the plaintiff husband appeals from so much of an order of the Supreme Court, Nassau County (Wager, J.), entered December 10, 1992, as, *inter alia,* modified the pendente lite award by directing him to make monthly mortgage payments, pay the homeowner's insurance premium, and one-half of the taxes on the former marital residence, and (2) the defendant wife appeals from an order of the same court, entered March 16, 1993, which, upon granting her motion for reargument of that portion of the order entered December 10, 1992, as directed her to pay the utilities and the balance of the taxes on the former marital residence, adhered to its prior determination.

Ordered that the orders are affirmed, without costs or disbursements.

In 1990 this Court reversed certain provisions of the judgment of divorce after affirming an order of the Supreme Court which disqualified the plaintiff husband's attorney *(see, Lipton v Lipton,* 158 AD2d 450). Subsequently, the defendant wife moved to amend this Court's decision and order to require a new trial with respect to the financial issues between the parties. This Court granted the requested relief in a decision and order dated May 21, 1990. As a result, although the parties were divorced, the support received by the defendant wife was paid pursuant to a pendente lite order issued in 1982. This appeal and cross appeal arise as a result of the modification of that pendente lite order.

It is well settled that pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, determined with due regard for the preseparation standard of living *(see, Byer v Byer,* 199 AD2d 298; *Beil v Beil,* 192 AD2d 498; *Polito v Polito,* 168 AD2d 440). A pendente lite award may be modified upon a showing of a substantial change in

circumstances *(see,* Domestic Relations Law § 236 [B] [9] [b]; *Vogel v Vogel,* 156 AD2d 671; *Kansky v Kansky,* 150 AD2d 525). A determination of substantial change in circumstances is a matter addressed to the discretion of the court with each case turning on its particular facts *(see, Stempler v Stempler,* 200 AD2d 733; *Matter of King v King,* 193 AD2d 800). Under the circumstances of this case, we discern no error in the Supreme Court's modification of the pendente lite award. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.