■ MICHAEL T. KELLY, Respondent, v SONIA H. KELLY, Appellant. [692 NYS2d 559] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant contends that the Judicial Hearing Officer (JHO) erred in terminating maintenance because the original award of maintenance was intertwined with the distributive award pursuant to *O'Brien v O'Brien* (66 NY2d 576), i.e., the distributive award would have been higher if not for the maintenance awarded. That contention is not supported by the record. Rather, the record supports the determination of the JHO that there was a substantial change in circumstances (*see, Sasson v Sasson*, 171 AD2d 659, *lv dismissed* 78 NY2d 1072; *Kansky v Kansky*, 150 AD2d 525).

The JHO erred, however, in granting plaintiff judgment against defendant for the amount of maintenance paid to her while the application to terminate maintenance was pending. Although a court has the power to order a modification retroactively, "it normally would not do so because of the hardship" involved (*Shanahan v Shanahan*, 80 AD2d 738, 739). Here, several years have elapsed, and defendant would be forced to refund a large sum of money. Under those circumstances, we decline to order defendant to refund maintenance paid from the time of plaintiff's application (*cf., Shanahan v Shanahan, supra*, at 739). We thus modify the order by vacat-

ing the second ordering paragraph. (Appeal from Order of Supreme Court, Erie County, Ostrowski, J.H.O.—Matrimonial.) Present—Denman, P. J., Pine, Pigott, Jr., Hurlbutt and Balio, JJ.