■ ELEANOR PAGET, Appellant, v PORTMAN PAGET, Respondent — Order, Supreme Court, New York County (Gomez, J.), entered January 29, 1982, confirming the report of special referee and denying plaintiff's application for modification of judgment for divorce, is unanimously modified, on the law and the facts, without costs, so as to increase the amount to be paid by defendant to plaintiff for her support and maintenance to the sum of $150 per week, payable weekly in advance, commencing retroactively from October 14, 1980, and the order is otherwise affirmed. The parties were married in 1951; there are no children of the marriage. The parties were divorced in 1967; the decree at that time provided for defendant husband to pay plaintiff wife $100 per week for her support and maintenance. In 1970, plaintiff applied for an upward modification of the support. This court, reversing Special Term (which had increased alimony to $150 per week) denied the application (36 AD2d 813). In October, 1980, petitioner brought the present application seeking an increase to $350 per week. A hearing before a special referee resulted in a recommendation to deny the requested increase on the ground that plaintiff had "failed to make the requisite showing of a change in circumstances to warrant a modification of the decree." Special Term agreed. We think there has been a sufficient change of circumstances to warrant some upward modification. To begin with, we cannot overlook the enormous inflation that has taken place since 1967. In the 1970 decision, this court stated (p 814): "Plaintiff 'is entitled to have sufficient means to enable her to live in a manner comparable to the one prevailing at the time the parties lived together'." If $100 per week was required to maintain the preseparation standard of living in 1967 or 1970, it surely is not enough to maintain such a standard of living today. Further, petitioner is now 52 years of age; the only work she has ever done was as an actress and model, work at which she has been financially very unsuccessful. Perhaps she is not entitled to the luxury of not having to try to make a greater contribution to her own support, leaving that burden to her former husband while she attempts to pursue the unlucrative activities which she prefers. But, however unsuccessful she was 16 years ago when she earned $600 in a year, or

even a few years ago when she earned $7,000 or $8,000 for these activities, her present earnings come mostly from walking dogs for neighbors for which she earns $10 to $15 per week. As of October 1, 1980, she had received residuals for a commercial of $2,295, which she said would not be repeated; she had an income from dividends and interest of $1,900; she had assets of $30,000 to $55,000 (there being a dispute as to whether some $40,000 belonged to her individually or jointly with her mother). Her chances of gainful employment at her present age and experience do not appear to be very bright. To some extent she may be responsible for this herself by reason of her persistent failure over the years to seek more lucrative employment. Her health has certainly been impaired; she had a serious illness and surgery in 1978, which may or may not have impaired her earning capacity. She has other physical problems. The husband's earnings were approximately $17,000 in 1967, $20,000 in 1968, $37,894 in 1969, but this court at that time remarked (p 814) that "at least part of such increase was shown to be temporary in nature." The husband's gross earnings in 1979 were slightly over $41,000; in the first 10 months of 1981 they were $33,000; his then *base* paycheck, without Social Security deductions, but presumably after other deductions amounted to $324 per week. His net worth statement shows cash of $152,000. (In 1970 his cash assets had been $25,000.) Considering all the circumstances, we think the defendant's contribution to plaintiff's support should be increased somewhat, and we fix the increase at an additional $50 per week retroactive to the date of the commencement of this proceeding. In the circumstances, we think the plaintiff should bear her own counsel fees. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.