■ BERNICE MELNIK, Respondent, v MICHAEL MELNIK, Appellant.—Harvey, J. Appeal from an amended judgment of the Supreme Court granting plaintiff a divorce, entered March 11, 1985 in Ulster County, upon a decision of the court at Trial Term (Traficanti, Jr., J.), without a jury.

A judgment of divorce was granted to plaintiff on the ground of defendant's cruel and inhuman treatment. After a subsequent hearing for the purpose of determining plaintiff's entitlement to maintenance, plaintiff was awarded, inter alia, $125 per week maintenance. After a miscalculation in plaintiff's 1984 income was discovered, Trial Term amended its judgment by reducing the amount of maintenance to $100 per week. Defendant now appeals to this court asserting numerous errors.

Defendant first claims that it was error for Trial Term, at

the maintenance hearing, to preclude him from inquiring about plaintiff's alleged sexual activities which occurred after the parties were separated. We disagree. This court recently held that marital fault can be considered under the catchall provision of Domestic Relations Law § 236 (B) (6) (a) (10) when determining spousal maintenance *(Stevens v Stevens,* 107 AD2d 987, 988). However, unlike *Stevens,* the alleged acts of marital misconduct in this case occurred after the marriage had effectively disintegrated and the parties were physically separated. The conduct complained of occurred after the divorce action had been commenced and was not a factor in the termination of the marriage relationship. Thus, on the facts of this case, it was not error for the court to refuse to consider the alleged misconduct.

Defendant further argues that Trial Term failed to consider certain of the statutory factors enumerated in Domestic Relations Law § 236 (B) (6) (a) in its decision awarding plaintiff maintenance. While the court stated in its decision that it had considered all of the mandatory statutory factors, it did not address several factors individually. However, this court can make its own findings where the reasons for the trial court's determination appear on the face of the record *(Gainer v Gainer,* 100 AD2d 533, 534; *see, Stevens v Stevens, supra,* p 988).

The action has few complications. No great amount of monetary assets are owned by either party. It is apparent that Trial Term was primarily concerned with providing plaintiff with the means to live as closely as possible to her prior standard of living without unduly diminishing defendant's standard of living. If the reasons for the maintenance award are not clear, we adopt the decretal paragraphs of the court's judgment for the following stated reasons. The parties were married for 27 years. Plaintiff was 48 years of age and defendant was 50 years of age at the time of the divorce. One child resided with plaintiff and earned approximately $100 per week. For the year prior to the court's decision, plaintiff's gross income was $10,592 and defendant's was over $43,000. Plaintiff owned certificates of deposit worth $33,000 plus 33 shares of AT&T stock, and defendant owned a house worth $65,000 subject to a mortgage of $30,000 and 33 shares of AT&T stock. Plaintiff's chances of career advancement, with or without retraining, were slight. We find no evidence of any significant impact with regard to Domestic Relations Law § 236 (B) (6) (a) (7), (9) and (10). Consequently, having considered the remaining factors enumerated in Domestic Relations

Law § 236 (B) (6) (a), we conclude that separate maintenance should be provided to plaintiff by defendant in the amount of $100 per week,.

Defendant's contention that it was reversible error for the Trial Judge not to disqualify himself from the case on the ground that plaintiff's attorney had managed his election campaign is without merit. The record is devoid of any relationship between the Trial Judge and plaintiff's attorney. While it might have been better if the Trial Judge had disqualified himself (see, Matter of Johnson v Hornblass, 93 AD2d 732, 733), there has been no showing of prejudice. Finally, the record fails to support defendant's contention that plaintiff waived her demand for maintenance by a stipulation on the record prior to the maintenance hearing. The stipulation applied only to temporary maintenance.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.