■ BETTY J. DUNN, Respondent, v HAROLD W. DUNN, Appellant.—Kane, J. P.

A review of the record reveals that Family Court did not abuse its discretion in determining that plaintiff demonstrated a substantial change in the circumstances of the parties and in modifying plaintiff's maintenance award to $80 per week (cf. Mauss v Mauss, 100 AD2d 576; Paget v Paget, 90 AD2d 728, appeal dismissed 58 NY2d 1065). Plaintiff was awarded $37.50 a week approximately 24 years ago. Aside from public assistance, this is her only source of income. She cannot even afford telephone services or automobile insurance. In addition, the cost of living has increased dramatically over the last 24 years. On the other hand, defendant's financial situation has improved greatly since 1962. Although he is now retired, his monthly income has increased from approximately $665 per month in 1962 to his current pension of $1,842.87 per month. Moreover, assets in which defendant has an interest include, inter alia, 1,217 shares of Alcoa stock,* $22,000 in certificates of deposit, $5,000 worth of United States Savings Bonds, $4,000 in individual retirement accounts and an unencumbered home.

We also reject defendant's contention that plaintiff is guilty of laches since she waited 22 years to move for a modification of maintenance. Maintenance provisions are expressly made modifiable by statute (Domestic Relations Law § 236 [A] [1]) and the only limitation is that there be a change in circumstances (Dowdle v Dowdle, 114 AD2d 699, 700). There are no time limitations. Moreover, defendant can claim no disadvantage because plaintiff did not move sooner for a modification. In fact, the failure of plaintiff to move for an increase sooner inured to defendant's benefit, not his detriment. The order should be affirmed.

Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

---

* At the time this proceeding was heard before Family Court, the stock. was valued at $42,595.