■ In the Matter of JACQUELINE C. ARCHER, Respondent, v LLOYD A. ARCHER, Appellant. (And Another Related Proceeding.)—Mahoney, P. J. Appeal from an order of the Family Court of Clinton County (Lewis, J.), entered May 26, 1987, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 4, and, inter alia, directed respondent to pay petitioner maintenance of $160 per week.

Petitioner and respondent were divorced on February 28, 1974. The judgment of divorce provided, inter alia, that the support provisions of a Family Court order, dated March 26, 1973, and an amended order of Family Court, dated August 16, 1973, be continued. The support provisions required respondent to pay child support in the amount of $50 per week and maintenance to petitioner in a like amount. Upon the youngest child becoming emancipated, maintenance was to increase to $75 per week. The judgment provided that petitioner would have exclusive possession of the marital residence during her lifetime and that respondent would pay the mortgage, property taxes, insurance and other assessments levied on the residence.

By joint petitions dated June 24, 1986, petitioner commenced proceedings in Family Court seeking an order holding respondent in violation of the divorce judgment and seeking an upward modification of the maintenance provisions. The matter was referred to a Hearing Examiner who found that the children were emancipated, the mortgage on the marital residence had been satisfied and respondent had been relieved of his obligation to provide medical insurance for petitioner. Further, it was established that at the time of the divorce judgment petitioner was working as a psychiatric aide in a

mental health clinic at an annual salary of $6,000. Although she had already been diagnosed as being afflicted with multiple sclerosis, she continued to work until 1982 earning about $12,000 annually when she was forced to cease working because of the deterioration of her condition. Her income was reduced from $12,000 to $6,684 annually. Further, petitioner is now required to pay $100 per week for the services of a live-in housekeeper. The Hearing Examiner also found that respondent's income and assets have increased considerably since the date of the divorce. Respondent presently owns a house valued at $100,000, has a one-third interest in his mother's substantial estate and is the sole owner of a business which he listed on a bank loan application as being worth $2,000,000.

Based on these findings, the Hearing Examiner found a violation of the divorce judgment and directed that the prior order, which had been incorporated into the judgment of divorce, be modified so as to increase respondent's obligation to pay maintenance to $175 per week. Respondent filed written objections to the Hearing Examiner's decision and subpoenaed petitioner's bank records. These records showed that petitioner had no savings account balance at the time of the hearing. Moreover, the bank records did show that on April 9, 1986, she had withdrawn a one-year certificate of deposit in the sum of $10,977.95. Petitioner explained that the source of these funds was the $5,000 payment she received at the time of the divorce plus the accumulated interest since the date of the divorce in 1974. When the matter was referred back to Family Court, the Family Court Judge noted that the income and expense statement submitted by petitioner to the Hearing Examiner omitted the existence of the savings deposit of $10,977.95. Accordingly, Family Court ordered that the Hearing Examiner's decision be sustained except that the $175 per week maintenance be reduced to $160 per week, with the reduction being the amount of interest to be earned by petitioner on the sum she had failed to report to the Hearing Examiner.

On this appeal respondent argues that increased maintenance should be denied since petitioner failed to prove facts which demonstrate that she was unable to support herself and that she is in danger of becoming a public charge. We disagree. Petitioner's burden was to show a substantial change in circumstances that justifies her application for increased maintenance *(see, Dunn v Dunn,* 124 AD2d 309). Here, she has demonstrated that her health has deteriorated to such an

extent that she is unable to work and needs 24-hours assistance, causing her to incur greater expenses. During the same period, respondent's income and assets have greatly increased. Further, none of petitioner's testimony regarding those changes in her needs was disputed by respondent. Finally, respondent did not deny that he owned most of the assets petitioner set forth in her petition for upward modification of maintenance.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.