■ In the Matter of DOROTHY M. HERMANS, Appellant, v EARL D. HERMANS, Also Known as E. DOUGLAS HERMANS, Respondent.—Weiss, J. Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered September 30, 1987, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of maintenance, and directed that a prior order of maintenance be terminated.

The parties were married in May 1965 and divorced in December 1966 pursuant to a decree which provided, inter alia, respondent pay $25 per week maintenance to petitioner. In November 1986, petitioner commenced this proceeding seeking an upward modification in maintenance. No maintenance adjustments had been made during the preceding 20-year period. Respondent answered and filed a cross petition seeking to terminate or reduce his maintenance obligation. A hearing was held before a Hearing Examiner (see, Family Ct

Act § 439), during the course of which respondent expressly withdrew his cross petition. The Hearing Examiner concluded, nonetheless, that it would be inequitable to continue respondent's maintenance obligation and directed that it be terminated. Family Court adopted the findings and decision of the Hearing Examiner, and this appeal by petitioner ensued.

We affirm. Initially, we observe that petitioner challenges Family Court's order only insofar as it directs the termination of support. Petitioner maintains that Family Court acted without subject matter jurisdiction inasmuch as respondent withdrew his cross petition seeking to terminate the prior maintenance order. We disagree. Domestic Relations Law § 236 (B) (9) (b) authorizes Family Court to *"annul or modify* any prior order or judgment as to maintenance" upon the application of either party (emphasis supplied). It follows that petitioner's application vested Family Court with subject matter jurisdiction over the propriety of the support award, notwithstanding the withdrawal of respondent's cross petition.

The issue thus distills to whether a substantial change in circumstances occurred justifying the termination of maintenance (Domestic Relations Law § 236 [B] [9] [b]; *see, Matter of Archer v Archer,* 142 AD2d 881). It is evident that the Hearing Examiner and Family Court were influenced by the short duration of this marriage juxtaposed against the lengthy, uninterrupted period of maintenance. Notably, the circumstances attendant the parties' divorce did not necessitate a maintenance award of unlimited duration *(see, Sorrentino v Sorrentino,* 116 AD2d 564, 566). The marriage was brief, petitioner was only 38 years old and she was employed. Moreover, petitioner is currently employed full time, albeit her weekly expenses purportedly exceed her net income *(cf., Dunn v Dunn,* 124 AD2d 309). Under the prevailing circumstances, Family Court did not abuse its discretion in concluding that a continuation of respondent's maintenance obligations would be inappropriate. Petitioner has clearly had sufficient time in which to secure her financial position.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.