■ CAROLE A. DONNELLY, Respondent, v PHILIP L. DONNELLY, Appellant.—Weiss, J. P. Appeal from an amended judgment of the Supreme Court (Conway, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered November 13, 1987 in Albany County, upon a decision of the court, without a jury.

After 23 years of marriage and four children, three of whom are minors, a judgment and later amended judgment were

awarded plaintiff after trial granting her a divorce on the ground of adultery, child support, spousal maintenance, equitable distribution of marital property and counsel fees. On this appeal, defendant challenges various financial aspects of the amended judgment.

First, defendant characterizes the permanent maintenance award as both excessive and inconsistent with Supreme Court's own assessment of the facts. In its amended findings of fact, the court specifically observed that "permanent maintenance payments [for plaintiff] are unwarranted after the youngest child turns twenty-one (21) years [of age] or is sooner emancipated". However, the amended judgment provides for maintenance of $550 per month until October 1989, and $500 per month thereafter for an indeterminate period to end at her remarriage or death.

We recognize that Supreme Court has broad discretion in fixing both the amount and duration of a spousal maintenance award (see, Domestic Relations Law § 236 [B] [6] [a]; see also, Petrie v Petrie, 124 AD2d 449, 451, lv dismissed 69 NY2d 1038). Moreover, a permanent award of maintenance is statutorily authorized (Domestic Relations Law § 236 [B] [6] [c]). However, given the circumstances of this case, we find the award of permanent maintenance inappropriate. This is not an instance where the receiving spouse is incapable of becoming self-supporting (cf., Lisetza v Lisetza, 135 AD2d 20, 23; Jones v Jones, 133 AD2d 217, 218; Dunn v Dunn, 124 AD2d 309; Wilbur v Wilbur, 116 AD2d 953, 954-955; Pottala v Pottala, 112 AD2d 553, 554). While this is a marriage of long duration, plaintiff was 44 years old at the time of trial and had been gainfully employed, full time, since 1980. Moreover, the youngest child will reach the age of majority in 1994. Giving due regard to the relevant statutory factors (Domestic Relations Law § 236 [B] [6]), we conclude that the record substantiates an award of maintenance, but not one of unlimited duration (see, Matter of Hermans v Hermans, 144 AD2d 719; Culnan v Culnan, 142 AD2d 805, 807; Lord v Lord, 124 AD2d 930, 932; Sorrentino v Sorrentino, 116 AD2d 564, 566). The present income differential between the parties is not so disparate as to require a contrary conclusion. Outside defendant's receipt of monthly payments from the sale of a business, which end in October 1989, Supreme Court calculated defendant's net income at $22,500 and plaintiff's income at $14,386. In our view, a temporal limitation of the maintenance award commensurate with the youngest child's reaching the age of majority, as specified in the court's findings of

fact, is appropriate. The amended judgment should be modified accordingly.

Defendant further challenges Supreme Court's disposition regarding the marital residence. Supreme Court granted plaintiff exclusive use and possession of the marital residence until the youngest child reaches 21 years of age, at which time the home is to be sold and the proceeds equally distributed. Defendant's challenge is directed at the court's allocation of a credit to plaintiff against the sale proceeds for mortgage and real property tax payments, as well as any capital improvements. Defendant maintains that the credit is inappropriate since his maintenance payments effectively covered the housing costs. This thesis is unfounded. The maintenance award is designed to maintain plaintiff's standard of living, not simply to provide a housing subsidy. That plaintiff utilized her maintenance award to offset housing expenses does not alter the basic characteristic of these funds. In our view, Supreme Court could properly credit plaintiff for these expenditures. Nor do we find any impropriety in the court's award to plaintiff of $1,500 in counsel fees (see, Domestic Relations Law § 237 [a]; Lisetza v Lisetza, 135 AD2d 20, 24, supra; Walsh v Walsh, 92 AD2d 345, 347).

Lastly, defendant maintains that Supreme Court's failure to identify the statutory factors relied on in awarding maintenance (Domestic Relations Law § 236 [B] [6] [b]) and distributing the marital property (Domestic Relations Law § 236 [B] [5] [g]) requires a new trial (see, Woertler v Woertler, 110 AD2d 947, 948-949). While the court indicated that it considered the statutory factors relevant to an equitable distribution of the marital property, it did not otherwise explain the reasons for its decision. A remittal is not necessary, however, for the record provides an adequate evidentiary basis for appellate review (see, Davis v Davis, 128 AD2d 470, 474-475; Melnik v Melnik, 118 AD2d 902, 903; Sementilli v Sementilli, 102 AD2d 78, 86). Here, the full transcript of the trial testimony and copies of both parties' financial statements are in the record. In addition, the record includes both the original and amended findings of fact and conclusions of law, together with Supreme Court's decision preceding said amendments, all of which demonstrate that the court did not simply adopt plaintiff's proposed findings (see, Capasso v Capasso, 119 AD2d 268, 275). The factual issues were sufficiently and clearly posited as to identify the basis for the court's decision (see, Melnik v Melnik, supra, at 903). It can readily be inferred from the conclusions reached that the court reviewed, analyzed and

weighed the evidence presented *(see, Davis v Davis, supra,* at 475; *Melnik v Melnik, supra,* at 903).

Amended judgment modified, on the facts, without costs, by limiting the duration of the maintenance award until such time as the parties' youngest child reaches the age of majority, and, as so modified, affirmed. Weiss, J. P., Yesawich, Jr., and Harvey, JJ., concur.

Mikoll and Levine, JJ., concur in part and dissent in part in a memorandum by Levine, J. Levine, J. (concurring in part and dissenting in part). We respectfully disagree with so much of the majority's decision that modifies the judgment by terminating the award of maintenance when the youngest of the parties' children reaches the age of 21. At that point, plaintiff will be 52. This is a marriage of concededly long duration, during almost all but the last seven years of which plaintiff did not work outside the home, devoting her time to keeping house and caring for the parties' four children. It is thus readily inferable that her earning potential was substantially impaired by reason of the sacrifices to career goals she made in devotion to her responsibilities as a wife and mother. Her employment record and earnings since returning to the work force confirm that, now in middle age, there is nothing but the remotest possibility and certainly no likelihood that she will appreciably increase her present pattern of employment and earnings in the future. Thus, it is most likely that the result of the majority's elimination of spousal maintenance will leave a drastic discrepancy between the parties' net incomes when it occurs, similar to that which presently exists, i.e., between plaintiff's annual net income of about $14,000 and defendant's of about $23,000. It is also absolutely clear from the record and virtually self-evident that plaintiff's income is alone insufficient to achieve the parties' marital standard of living, based as it was on combined incomes of over $40,000. Moreover, this marriage was destroyed by defendant's aggravated and repeated misconduct, as Supreme Court so found.

In our view, the foregoing circumstances present the classic illustration of what the Legislature had in mind in the 1986 amendments to Domestic Relations Law § 236 (B) *(see,* L 1986, ch 884). This was to correct inequities in the court decisions applying the Equitable Distribution Law in denying wives of long-term marriages indefinite (permanent) maintenance (Governor's mem, 1986 McKinney's Session Laws of NY, at 3210; mem of Assembly in support of Assembly Bill 10567-A, Governor's Bill Jacket, L 1986, ch 884; Scheinkman, Practice Com-

mentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:10, at 224-225; Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:36 [1988 Pocket Part], at 22-23). To accomplish that purpose, the 1986 amendment substituted for the former over-all "reasonable needs" test to determine maintenance a primary benchmark based upon the "standard of living of the parties established during the marriage" (L 1986, ch 884, § 4; Domestic Relations Law § 236 [B] [6] [a]; see, Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:36 [1988 Pocket Part], at 22). The amendment further added as one of the factors to be considered on the maintenance issue whether a spouse suffered "reduced * * * lifetime earning capacity * * * as a result of having foregone or delayed * * * career opportunities during the marriage" (L 1986, ch 884, § 4; Domestic Relations Law § 236 [B] [6] [a] [5]). Since this action was not tried until 1987, the foregoing amendments, effective August 2, 1986 as to all pending but untried actions, are applicable to the instant case (L 1986, ch 884, § 5).

The majority's decision reflects no consideration whatsoever of whether plaintiff's present or future earning capacity was impaired by the long hiatus in her employment during this lengthy marriage nor, most importantly, whether her ability to be self-supporting is commensurate with the parties' preseparation standard of living. In our view, consideration of these factors and defendant's fault in ending the marriage fully supports the award of indefinite maintenance made by Supreme Court. Therefore, we would affirm Supreme Court's judgment in all respects.