■ In the Matter of WENDY CRANE, Appellant, v ALAN CRANE, Respondent. [609 NYS2d 632] —In a child support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Suffolk County (Auperin, J.), entered December 17, 1991, which denied her objections to an order of the same court (Rodriguez, H.E.), entered February 27, 1991, which, after a hearing, denied her

application to vacate prior findings of fact and denied the application for an upward modification in child support.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petition is granted to the extent that the matter is remitted to the Family Court, Suffolk County, for a determination as to the amount of the upward modification in accordance herewith.

We conclude that the Family Court erred in denying the petitioner's objections to the Hearing Examiner's findings of fact. Both the Hearing Examiner and the Family Court acknowledged that the respondent-husband had engaged in the hiding and misrepresenting of his interests in various assets. However, the Family Court, in confirming the findings of the Hearing Examiner, concluded that the respondent "did not own and/or enjoy any financial benefit from" these assets. With respect to two of the assets in question, we hold that the Family Court erred as a matter of law.

The record clearly evinces the existence of a joint bank account held by the respondent and his present spouse. Approximately $118,000 was deposited into this account in the year immediately following the filing of the instant petition. Banking Law § 675 (b) creates a statutory presumption that the respondent owns a one-half interest in the account (see, Angelo v Angelo, 74 AD2d 327, 330). Since the respondent has not rebutted this statutory presumption with "clear evidence to the contrary," the Family Court erred, as a matter of law, in concluding that the respondent did not have an ownership interest in the proceeds of the account (see, Angelo v Angelo, supra). Similarly, the Family Court erred, as a matter of law, in concluding that the respondent did not have an ownership interest in a certain Triborough Bridge and Tunnel Authority bond in the amount of $58,750. Indeed, it is uncontroverted that the bond had been registered in the respondent's name from the time it was purchased until shortly after a judgment for support arrears was directed to be entered against him. At that time, the respondent transferred the subject bond to his present spouse without consideration and was thereby rendered insolvent. Under these circumstances the transfer was fraudulent as a matter of law (see, Debtor and Creditor Law § 273) and thus, for the purposes of determining whether the respondent experienced a substantial improvement in his financial condition, we treat this asset as though it were still owned by him. Since the respondent's present spouse is not a party to this action, however, we do not purport to effect her

record ownership of this asset by setting aside the conveyance pursuant to Debtor and Creditor Law § 278.

In sum, given the established fact that the childrens' needs increased and the conclusions reached herein, we find that the respondent experienced a substantial improvement in his financial condition and, accordingly, the petition for an upward modification of child support should have been granted by the Family Court (see, Matter of Brescia v Fitts, 56 NY2d 132, 141). We leave the amount of the upward modification to the discretion of the Family Court, which is to consider the value of the subject joint account, as well as the subject bond, in reaching its determination. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.