■ In the Matter of WENDY CRANE, Respondent, v ALAN CRANE, Appellant. [664 NYS2d 936] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dunn, J.), entered May 2, 1996, which denied his objections to an order of the same court (Rodriguez, H.E.), entered January 4, 1996, which, after a hearing, granted the petitioner's application for an upward modification of child support.

Ordered that the order is affirmed, with costs.

In October 1989 the petitioner mother, who had custody of the parties' two then-minor children, sought an upward modification of the respondent father's $115 weekly child support payments on the grounds of increased needs. The father cross-petitioned for a downward modification based upon the then-recent destruction by fire of his transmission repair business. After a hearing, the Hearing Examiner determined that, although the mother had established increased needs, the father's "deteriorated financial circumstances", while insufficient to warrant a downward modification of support, warranted denial of the mother's application for an increase in child support. Thereafter, the mother moved to vacate the

above findings of fact based upon the father's misrepresentation and/or concealment of his assets during the initial proceeding, including, *inter alia,* a Triborough Bridge and Tunnel Authority (hereinafter TBTA) bond in the amount of $58,750 and a joint bank account held by the father and his new spouse. After additional hearings, the Hearing Examiner determined that, even after consideration of the additional undisclosed assets, an upward modification was still not warranted. The Family Court confirmed the determination of the Hearing Examiner, finding that "[a]lthough the record suggests that the [father] was less than candid about the extent of his involvement with the assets in question, the record also indicates that the [father] did not own and/or enjoy any financial benefit from same". By decision and order dated March 28, 1994 (*Matter of Crane v Crane,* 202 AD2d 665), this Court reversed, finding that the Family Court had erred in concluding that the father did not own and/or enjoy any financial benefit from the TBTA bond and the joint bank account he held with his new spouse. Holding that the petition for an upward modification of the child support order should have been granted, we remitted the matter for a determination as to the new amount of child support. After additional hearings upon remittitur, the Hearing Examiner ordered the father to pay the increased amount of $163 per week, retroactive to October 17, 1989, the date of the mother's initial application, until December 10, 1994, the date that the parties' eldest child became emancipated. Thereafter, the father was to pay $111 per week for the parties' remaining child. The Hearing Examiner also granted the mother's request for counsel fees in the sum of $3,106.25. In the order appealed from, the Family Court denied the father's objections and confirmed the Hearing Examiner's award. We now affirm.

Exercising this Court's broad powers of review upon an appeal from a determination made without a jury (*see, Matter of Rosiana C. v Pierre S.,* 191 AD2d 432; *Melnik v Melnik,* 118 AD2d 902), we find that, applying the relevant considerations to the evidence presented at the hearings, the amount and duration of the modified award was proper (*see, Matter of Brescia v Fitts,* 56 NY2d 132; *Kansky v Kansky,* 150 AD2d 525; *Melnik v Melnik, supra*).

The father failed to sustain his burden of proof that the parties' youngest child became emancipated within the meaning of Family Court Act § 413 (*see, Matter of Alice C. v Bernard G.C.,* 193 AD2d 97; *Gittleman v Gittleman,* 81 AD2d 632).

The father's remaining contentions are without merit. Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.