■ DONALD R. LEE, Respondent, v ELIZABETH LEE, Appellant. [663 NYS2d 708] —Mercure, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered September 17, 1996 in Chenango County, which denied defendant's motion for upward modification of a prior order of maintenance.

After more than 30 years of marriage, plaintiff commenced this action against defendant for divorce in September 1991. In June 1994, during the trial of the action, plaintiff and defendant entered into an "opting out agreement" pursuant to Domestic Relations Law § 236 (B) in which they, *inter alia*, agreed to a distribution of their marital property. The agreement, however, did not settle the issue of maintenance. That issue was resolved by a stipulation entered into by the parties in open court a few days later under which plaintiff agreed to, *inter alia*, pay defendant spousal maintenance of $5,800 per month indefinitely. Only those provisions of the stipulation relating to spousal maintenance were merged into the judgment of divorce which was subsequently rendered in April 1995. In March 1996, defendant moved for upward modification of the award of maintenance based upon, *inter alia*, a decline in her medical condition. Supreme Court summarily denied the motion and this appeal by defendant ensued.

There must be an affirmance. It is well settled that in order to obtain modification of a prior award of maintenance, the moving party must establish that there has been a substantial change in circumstances since the prior award was rendered (*see*, Domestic Relations Law § 236 [B] [9] [b]; *Matter of Hermans v Hermans*, 74 NY2d 876, 878; *Matter of Archer v Archer*, 142 AD2d 881, 882). Defendant has simply failed to make that showing here. Although she asserts that she has incurred increased expenses due to a decline in her medical condition which has resulted in her hospitalization on three occasions and caused her to expend substantial sums on medical supplies and prescription medications, defendant has failed to substantiate her claim that her condition has substantially deteriorated from that of June 1994. Indeed, in her statement of net worth, defendant notes that in June 1994 she suffered from the following: "chronic interstitial cystitus [*sic*], fiber myalgia [*sic*], vulvas vestibuliti bacterial cystitus, generative osteoarthritis, rumitoid [*sic*] arthritis, migarin [*sic*] headaches, colitis, irritable bowel symptrom [*sic*], allergies, emotional problems, hypothyroidism, post-menopausal symptoms, astigmatism, dental problems (pain in lower jaw, sensitivity, infection of lower jaw), spinal problems * * * etiology, dysthymia, gastroenteritis." Under the circumstances, we conclude that defendant's subsequent bladder problems and colitis certainly do not constitute a substantial change in her medical condition warranting upward modification of the prior award.*

Likewise, defendant has not convincingly demonstrated that her financial situation has been significantly diminished or that plaintiff's financial situation has been significantly enhanced since the date of the prior award. Although defendant claims to have expended substantial sums on medical supplies and prescription medications, she has failed to itemize these particular expenditures since the date of the prior award. Similarly, while she claims that such expenditures have reduced the value of her equitable distribution award by $100,000, she has submitted no evidence to indicate how this money was spent or that such expenditures will be necessitated in the future and cause her to completely dissipate her assets. Finally, other than her conclusory statement that plaintiff's earnings and net worth have increased since the parties'

---

* Notably, while defendant's attorney avers that he "has attached Affidavits and medical reports from three physicians who are currently treating [defendant] which graphically demonstrate the fragile emotional and physical health of the defendant herein, much of which represents 'changes in circumstances' ", no such affidavits or reports have been included in the record.

divorce, defendant has submitted nothing to show that plaintiff is in a better financial position than he was at the time of the prior award. Accordingly, we find that Supreme Court properly denied defendant's motion without a plenary hearing.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.