■ CATHY BISCHOFF, Respondent, v JOHN GAILEY, Appellant. [683 NYS2d 862] —In a matrimonial action in which the parties were divorced by judgment entered October 25, 1993, the defendant appeals from an order of the Supreme Court, Suffolk County (McNulty, J.), dated November 25, 1997, which denied his application pursuant to CPLR 5241, in effect, to vacate an income execution for support enforcement.

Ordered that the order is affirmed, with costs.

Subsequent to the judgment of divorce, the plaintiff mother served an income execution upon the defendant father pursuant to CPLR 5241 for his alleged default in paying child sup-

port. The father thereafter applied, in effect, to vacate the income execution on the ground of mistake of fact (see, CPLR 5241 [a] [8]; [e]). The father failed to come forward with evidence that the parties' daughter had become emancipated or that a grant which she was receiving from the Federal government was intended to reduce the amount of his court-ordered child support obligation (see, Blackman v Blackman, 131 AD2d 801). Therefore, the Supreme Court properly denied the father's application. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.