■ JEAN PETERSON, Respondent, v EDWARD J. PETERSON, Appellant. [712 NYS2d 625] —In a matrimonial action in which the parties were divorced by judgment dated June 4, 1981, the defendant appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated January 6, 1999, which granted those branches of the plaintiff's motion which were to recover arrears of child support, health insurance premiums, and reimbursements for uninsured medical expenses, and for an award of an attorney's fee.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to the parties' separation agreement, which was incorporated but not merged into the judgment of divorce, the defendant's obligation to pay child support and to maintain health insurance for his son would cease, *inter alia*, if the son was over the age of 18 and became employed full-time. However, the agreement further provided that part-time or sporadic employment would not constitute emancipation.

In 1992 the defendant stopped paying child support and providing health insurance for his son, who was then 19, claiming that he had become emancipated. The plaintiff moved, *inter alia*, to recover arrears of child support, health insurance premiums, and reimbursements for uninsured medical expenses. After a hearing, the Supreme Court determined that the parties' son was not emancipated during the disputed time period, and granted those branches of the plaintiff's motion.

It is well settled that the burden is on the party claiming that a child has been emancipated to prove emancipation (*see, Henry v Henry*, 272 AD2d 520 ; *Bischoff v Gailey*, 256 AD2d 432; *Matter of Crane v Crane*, 242 AD2d 717). The defendant failed to sustain the burden. The record supports the Supreme Court's determination that the son's sporadic employment did not render him emancipated under the terms of the parties' agreement.

Furthermore, the court properly granted that branch of the plaintiff's motion which was for an award of an attorney's fee (*see,* Domestic Relations Law § 237). Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.