OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted to that court for the exercise of its discretion.
The parties were divorced on July 28, 1981, and the husband was required to pay $100 per week in child support pursuant to the terms of a stipulation which was incorporated and merged into the divorce judgment. At the time of the parties’ divorce, the husband was earning approximately $20,000 per year doing road excavation and backfill work. The job took him away from his family in Ogdensburg, New York, but he returned home on weekends to visit them. He voluntarily left that position in September of 1981, a short time after a wage deduction order of $100 per week had been entered against him by the wife for collection of the support obligation. He thereafter took a job closer to the family with a starting salary of *1011 around $9,145 per year. After payroll deductions for child support, State and Federal income taxes, Social Security, union dues, State retirement contributions and health insurance, the husband’s net weekly take-home pay was $35.79. As of September, 1982, his annual salary had increased to approximately $10,596.
After dismissing two petitions for a downward modification of the support obligation, Family Court granted a third such petition and reduced the husband’s child support payments to $65 per week. The court found that the husband had left the more lucrative position primarily because of the entry of the wage deduction order. The court also noted that the husband’s motive may have been to be closer to his family and to get a more secure position, though finding that had he worked diligently he could have continued in the road work job. According to the court, the case was complicated by the facts that the husband could not return to his prior position, that he has limited job skills and that he could not continue to pay $100 per week in support out of his current income. The court thus granted the petition for a downward modification and reduced the support obligation to $65 per week.
The Appellate Division reversed, on the law, and dismissed the petition. The court held that a court should not grant a downward modification where a spouse’s own actions or inactions bring about a reversal in that party’s financial condition. The appropriate amount of support payable, according to the Appellate Division, is determined by the spouse’s ability to provide, not the spouse’s current economic situation. The court ruled that the record indicated that the husband had left the higher paying position for other than valid vocational reasons and thus ruled that it was error for Family Court to have granted the petition.
It is true that the cases relied on by the Appellate Division (Matter of Doscher v Doscher, 54 NY2d 655; Hickland v Hickland, 39 NY2d 1, cert den 429 US 941; Kay v Kay, 37 NY2d 632) do support the conclusion that the husband’s leaving the road work job, to the extent it was found primarily to have been motivated by the wage deduction order, would not warrant a reduction of the support obligation. This was not, however, the ground on which *1012 Family Court granted the petition. Instead, Family Court relied on the husband’s inability to return to his prior position, his limited vocational skills and his inability to continue to make weekly $100 support payments on his present income. It cannot be said as a matter of law that Family Court erred in exercising its discretion to modify the support obligation on this ground inasmuch as it could be found that the husband was unable to provide support at the original level. All of the cases relied on by the Appellate Division are distinguishable in that they involved spouses whose true incomes were higher than reported, who had the present ability to obtain higher paying employment or to fix their salaries at higher levels, who had other assets available or who had conveyed assets to evade obligations to their families.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein.