■ BRUCE DOWDLE, Appellant, v PENNY DOWDLE, Respondent.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered March 21, 1984 in St. Lawrence County, which, inter alia, denied plaintiff's cross motion for modification of his maintenance obligations and directed that the property and assets of plaintiff be sequestered.

The parties were divorced on March 12, 1984. The decree, which incorporated a previous separation agreement and a

stipulation between the parties made in open court, contained provisions for the payment of sums of money by plaintiff to defendant, possession of the marital property and other dispositions with reference to the minor children. Several interim orders regarding maintenance had been granted. In the instant application by defendant seeking to hold plaintiff in contempt for failure to comply with a July 25, 1983 order setting the maintenance award at $75 per week, plaintiff cross-moved for downward modification alleging financial inability. Although Special Term denied both defendant's motion for contempt and plaintiff's cross motion for downward modification, the court granted defendant judgment of $16,230.76 for arrearages; ordered an increase in maintenance to $175 weekly until the marital property was sold or October 13, 1985, whichever last occurred, and thereafter, directed such payments to be applied against the instant judgment; granted a wage deduction order (Personal Property Law § 49-b); and ordered sequestration of plaintiff's personal property and assets, appointing defendant as receiver. Plaintiff has appealed.

A party seeking the modification of a maintenance award must demonstrate a substantial change of circumstances *(Matter of Kronenberg v Kronenberg,* 101 AD2d 951). Precedent has little value in this area since the determination is necessarily based on the particular facts of a case and is in the trial court's discretion *(id.).* The decision should, however, reflect a realistic balancing of defendant's needs, and her concomitant independent ability to meet them, with plaintiff's ability to comply *(Phillips v Phillips,* 1 AD2d 393, 396, *affd* 2 NY2d 742).

Our review of the record shows defendant's increased income clearly warrants downward modification of maintenance. Although there is no proof that plaintiff's annual income has decreased, the record shows that defendant's income has increased from $31 weekly to $340 weekly, placing her in a sound financial position, as evidenced by her purchase of a new $10,000 automobile and her maintenance of a savings account. Considered in the context of plaintiff's heavy financial burdens, including his continued obligation to meet household expenses and satisfy the substantial arrearages judgment, we conclude that Special Term abused its discretion in failing to find a substantial change in circumstances warranting a reduction in plaintiff's maintenance obligation to zero. While plaintiff's past conduct is inexcusable, we find that sequestration of plaintiff's property and the wage deduction

order adequately insures future compliance with the order of July 25, 1983.

We further find the sequestration order, which is admittedly a drastic remedy, to be proper under the circumstances. Contrary to plaintiff's contention, it need not be established that the payor spouse has threatened to leave the State or county before this remedy is available *(compare,* Domestic Relations Law § 243, *with Farino v Farino,* 63 AD2d 691, *lv denied* 45 NY2d 710, *cert denied* 440 US 967; *Lombardo v Lombardo,* 37 AD2d 993, 994). The only statutory prerequisite is either a failure to make the required payments or a failure to give adequate security, and it was not necessary to first accord plaintiff an opportunity to post a security bond *(see, Kretzer v Kretzer,* 81 AD2d 802, 803). Plaintiff's conduct in continually failing to pay the household bills as required, mortgaging the family home without paying defendant her share of the proceeds pursuant to the terms of the separation agreement, and allowing arrearages on the mortgage provides ample justification.

Order modified, on the law and the facts, without costs, by reducing the amount to be paid as maintenance from $175 a week to zero, and, as so modified, affirmed. Main, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.