■ MARY CHISHOLM, Respondent, v GORDON CHISHOLM, Appellant.—Harvey, J. Appeal from that part of an order of the Supreme Court (Bryant, J.), entered January 15, 1987 in Tompkins County, which reduced defendant's maintenance obligation to $40 per week.

Plaintiff and defendant were married in 1946. Thirty years later, in 1976, defendant left plaintiff and commenced living with another woman. Plaintiff obtained a judgment of divorce in June 1984 on the ground of abandonment. During the

eight-year period between defendant's abandonment and plaintiff's procuring the judgment of divorce, defendant did not pay any support to plaintiff. The judgment of divorce divided the marital property and plaintiff was awarded, *inter alia,* a one-fifth interest in defendant's pension and $75 per week maintenance. Subsequent to the entry of the divorce judgment, defendant remarried.

On June 1, 1986, defendant retired, at age 62, from his position as a research technician in the metallurgy department at Cornell University. Immediately following his retirement, defendant made a motion to modify the amount of maintenance he was required to pay plaintiff. Supreme Court reduced the maintenance obligation to $40 per week. Dissatisfied with the reduction and believing that his maintenance obligation should have been reduced to zero, defendant appealed. Plaintiff has not cross-appealed.

In order to be entitled to a modification of maintenance, the moving party has the burden of demonstrating a substantial change of circumstances *(see,* Domestic Relations Law § 236 [B] [9] [b]; *Dowdle v Dowdle,* 114 AD2d 699, 700). Determining whether a substantial change has occurred and the extent of relief occasioned by such a change are matters addressed to the discretion of the trial court, with each case turning on its particular facts *(Dunn v Dunn,* 124 AD2d 309, 310; *Dowdle v Dowdle, supra,* at 700). Here, the record reveals that defendant is currently living in a house with his new wife, that they own three vehicles and that defendant can afford to pursue various recreational activities. Further, it appears that defendant could supplement his income with part-time work if he so desired. While plaintiff's position has certainly improved since the parties' separation and subsequent divorce, she is retired and lives modestly in a mobile home. A review of the record and Supreme Court's decision reveals that the court adequately analyzed the parties' current financial positions and came to a reasoned conclusion as to the amount of maintenance defendant should pay.

Defendant complains that Supreme Court erred in considering his new wife's assets in making its determination. We cannot agree. In his financial affidavit, defendant listed expenses incurred by *both* him and his new wife. Since these expenses were submitted and considered, it follows that resources which defendant undeniably had access to should also be properly considered. The marriage unquestionably improved defendant's financial condition. As noted by Supreme Court, defendant has maintained the same level of living as

prior to his separation and divorce, whereas plaintiff's has decreased markedly. Until such time as defendant can demonstrate that these resources are no longer being enjoyed by him, it was not an abuse of discretion for Supreme Court to take this factor into account under the broad authority granted pursuant to Domestic Relations Law § 236 (B) (6) (a) (11).

The remaining contentions have been considered and found unpersuasive.

Order affirmed, with costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.