■ JOSEPH SANGIMINO, Respondent, v TERRY SANGIMINO, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from so much of an order of the Supreme Court, Richmond County (Kuffner, J.), dated November 13, 1989, as (1) granted the plaintiff husband's motion to reduce the award of pendente lite maintenance from $450 per week to $225 per week, and (2) granted those branches of the husband's separate motion which were to (a) dismiss the wife's fourth counterclaim to impose a constructive trust upon the marital residence and (b) dismiss so much of the wife's fifth counterclaim as sought damages for fraud measured by the value of the marital residence, and limited the wife's recovery on that counterclaim to her actual out-of-pocket expenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

Joseph Sangimino and Terry Sangimino were married on July 20, 1986. They separated less than two years later in June 1988. In September 1988, the husband commenced this action for divorce and equitable distribution of the parties' marital assets. In her answer, the wife counterclaimed for, among other things, (1) the imposition of a constructive trust upon the marital residence, and (2) damages in an amount equivalent to a half-interest in the marital residence for the husband's alleged fraud in the purchase of the residence and failure to put title in the parties' joint names. The wife alleged that prior to their wedding but while they were engaged, the husband promised the wife that he would purchase a home for them and place title to the house in their joint names. The wife claimed that in reliance upon the husband's promise, she gave up her apartment and disposed of her furniture. About two weeks before the wedding, the husband purchased the marital residence but only put title in his name. Shortly after the marriage, the husband allegedly told the wife that he had placed title to the house in both of their names.

By order dated January 30, 1989, the court awarded the wife pendente lite maintenance of $450 per week "until further order of the court". The court noted that the wife had earned approximately $40,000 per year as a flight attendant before the marriage but stopped working upon her marriage. At this point in time, the wife was employed at Bergdorf Goodman, earning approximately $150 per week.

In June 1989 the wife returned to her flight attendant job but at a salary of approximately $20,000 per year, about half her former salary. Upon learning of the wife's employment, the husband moved to terminate the pendente lite maintenance award. In a separate motion, the husband also moved to dismiss the wife's counterclaims for imposition of a constructive trust and to recover damages for fraud.

By order dated November 13, 1989, the court reduced the pendente lite maintenance from $450 to $225 per week, noting that upon her return to work as a flight attendant, the wife was earning about one-half of the salary she had been earning when she ceased working. As to the court's dismissal of the wife's counterclaim for imposition of a constructive trust upon the marital residence, the court, *inter alia,* found that the counterclaim as asserted failed to plead a cause of action. The court also dismissed the wife's counterclaim for fraud to the extent that it sought damages as measured by the value of the marital residence; however, the court found that the fraud claim was viable to the extent that it sought recovery for the wife's actual, out-of-pocket expenses.

The wife's first contention is that it was an error as a matter of law and an improvident exercise of discretion for the court to grant the husband any reduction in his pendente lite support obligations. We disagree. Domestic Relations Law § 236 (B) (9) (b) provides that "[u]pon application by either party, the court may annul or modify any prior order or judgment as to maintenance or child support, upon a showing of the recipient's inability to be self-supporting or a substantial change in circumstance * * * including financial hardship". We find that the wife's increase in salary from $7,800 per year as an employee of Bergdorf Goodman, to $20,000 per year as a flight attendant constitutes a "substantial change in circumstance". Accordingly, the court did not improvidently exercise its discretion in reducing the husband's pendente lite support obligations. Further, we note that it was a proper exercise of the court's discretion to waive the requirement that the husband file a statement of net worth pursuant to 22 NYCRR 202.16 (g) with his motion to modify the pendente lite maintenance because the "substantial change in circumstance" concerned the improvement in the wife's financial situation and not the husband's *(see,* 22 NYCRR 202.1 [b]).

The wife's second contention on appeal is that the court erred in dismissing her counterclaim for the imposition of a constructive trust upon the marital residence. We find that the court properly dismissed this counterclaim because the

wife failed to show that the subject property was transferred by the wife to the husband in reliance upon a promise and that the husband was unjustly enriched *(see, Sharp v Kosmalski,* 40 NY2d 119, 121; *Kitchner v Kitchner,* 100 AD2d 954).

Further, the court properly limited the wife's claim for damages to out-of-pocket expenses in her counterclaim to recover damages for fraud. We note that the wife stated a cause of action grounded in fraud but that the measure of damages is the actual pecuniary loss sustained (i.e., the loss of the wife's apartment and furnishings) and not the half-interest share in the marital residence that the wife would have received if the husband had carried out his promise *(see,* 60 NY Jur 2d, Fraud and Deceit, §§ 242, 243, at 813-818). Furthermore, the wife is not entitled to punitive damages arising from the fraud cause of action since the husband's alleged fraud did not evince a high degree of moral turpitude *(see, Roldan v Allstate Ins. Co.,* 149 AD2d 20, 40). Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.