■ IRVING WEITZMAN et al., Respondents, v FLORA LISTMAN et al., Appellants. [629 NYS2d 250] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about October 12, 1993, which (1) granted a default judgment against defendants Kornblum, Bradhurst Associates, and Nohar Associates, (2) denied defendant Listman's motion for leave to interpose an answer with regard to her interests in the defendant partnerships and (3) denied defendant Kornblum's motion to renew a decision, same court and Justice, dated December 22, 1992, which granted the default judgment, unanimously affirmed. Judgment, same court and Justice, entered May 5, 1994, unanimously modified, on the law, to vacate the judgment against defendant Listman and to reduce the amount of the judgment against the remaining defendants from $520,000 to $130,000, and the judgment is otherwise affirmed, with one bill of costs.

The IAS Court correctly denied defendant Listman's motion for leave to interpose an answer with regard to her interest in the defendant partnerships on the ground that she failed to show a meritorious defense. The entry of a default judgment against Listman personally, however, was improper, since personal jurisdiction over her was never obtained. Service upon Listman cannot be upheld under any of the theories offered by plaintiffs. Defendant Kornblum's motion for renewal of the court's order granting a default judgment as against all defendants except Listman, deemed a motion to vacate the default, was properly denied on the ground that the denial of plaintiffs' motion for a default judgment in the Kings County action for failure to satisfy the notice requirement of CPLR 3215 (f) was made after hearing arguments and facts as it re-

lated to an action involving a different loan and mortgage, and that plaintiffs therefore were not collaterally estopped from asserting compliance with such notice requirement in this action. The default judgment, however, should not have included an award of $390,000 on plaintiffs' seventh cause of action, which sought treble damages on the basis of an alleged fraud. The measure of damages for fraud is the actual pecuniary loss sustained. (*Sangimino v Sangimino*, 176 AD2d 872.) Plaintiffs were compensated for such loss in the award totalling $130,000 on the first, third and fifth causes of action. We thus reduce the judgment accordingly.

Motion denied insofar as leave to appeal to the Court of Appeals is sought; motion granted wherein reargument is sought and, upon reargument, the unpublished decision and order of this Court entered on March 16, 1995 is recalled and vacated, and a new decision and order substituted in place thereof, decided simultaneously herewith. Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.