■ SOFEYA D. STRICOS, Now Known as SOFEYA D. LASCARIS, Respondent, v MICHAEL G. STRICOS, Appellant. (And a Related Proceeding.) [766 NYS2d 140] —Spain, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered June 21, 2002 in Albany County, which, inter alia, denied defendant's application for a downward modification of his maintenance obligation.

The parties were married in 1975 and divorced in 1999. The judgment of divorce provided that defendant was to pay plaintiff $500 a month in maintenance until, among other events, their youngest child reached age 21. On appeal, this Court increased plaintiff's maintenance award to $1,000 a month, concluding that: "Based upon the parties' disproportionate financial circumstances and earning capacities, * * * their predivorce standard of living, * * * the substantial length of the marriage and plaintiff's lack of specific career training, we recognize plaintiff will require income in excess of her earning potential" (*Stricos v Stricos,* 263 AD2d 659, 660 [1999]). We further directed that the increased maintenance continue until, among other events, "plaintiff reaches the age of 62, at which time it is anticipated [that] she will be eligible * * * for Social Security retirement benefits" (*id.* at 660). Specifically, we noted that at the commencement of the divorce action, defendant

earned $77,000 per year as an accountant, while plaintiff, who had been "primarily concerned with her maternal and homemaker responsibilities," earned approximately $14,000 a year at the time of trial and, to that point, had never earned more than $17,000 a year (*id.* at 660).

In a February 2002 petition filed in Family Court, Schenectady County, defendant sought to terminate his maintenance obligation asserting as a change in circumstances that plaintiff's income had increased substantially within a short period of time and, thus, she had far exceeded the standard of living on which this Court had based its prior order. Shortly thereafter, plaintiff, a resident of Albany County, moved in Supreme Court, Albany County, for, among other things, an order consolidating the proceeding pending in Schenectady County Family Court with her request for other Supreme Court relief. Supreme Court granted plaintiff's consolidation motion and took proof on defendant's petition to terminate maintenance. At the conclusion of the hearing, Supreme Court denied defendant's petition noting that, by itself, proof of the increase in plaintiff's income was insufficient to sustain defendant's burden of proving a substantial change in circumstances, finding that defendant had failed to prove that such increase was unanticipated or offer any new proof regarding the parties' standard of living at the time of the divorce. Defendant appeals.

"Upon application by either party, the court may annul or modify any prior order or judgment as to maintenance * * * upon a showing of * * * a substantial change in circumstance" (Domestic Relations Law § 236 [B] [9] [b]). Notably, "the determination is necessarily based on the particular facts of a case and is in the trial court's discretion" (*Dowdle v Dowdle,* 114 AD2d 699, 700 [1985]). Here, at the time of trial, as this Court found in its 1999 decision increasing maintenance in both amount and duration, plaintiff had subordinated her educational and occupational development throughout the marriage and the chances of increasing her income appeared to be dismal, at best (*Stricos v Stricos, supra* at 660). However, since that time, plaintiff's earned annual income has almost tripled from $14,000 to $40,314.

Giving due consideration to our core rationale in increasing plaintiff's maintenance, and upon our review of the record herein, we find that plaintiff has experienced a dramatic and unanticipated increase in her earned income over a period of less than three years which constitutes the requisite substantial change in circumstances (*see Sasson v Sasson,* 171 AD2d

659, 660 [1991], *lv dismissed* 78 NY2d 1072 [1991]; *Kansky v Kansky,* 150 AD2d 525, 526 [1989]; *see also Matter of Fafinski v Bialaszewski,* 289 AD2d 1066 [2001]; *Sangimino v Sangimino,* 176 AD2d 872, 873 [1991]). Accordingly, this matter should be remitted to Supreme Court to determine the extent to which a modification in plaintiff's maintenance award as to amount and/or duration is warranted, after a full evidentiary hearing, taking into consideration all relevant facts, including defendant's financial circumstances and the updated net worth statement of each of the parties (*see* Domestic Relations Law § 236 [B] [4] [a]; 22 NYCRR 202.16 [g]).

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, by reversing so much thereof as denied defendant's application and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.