■ KENNETH B. HALL, Appellant, v DONNA M. HALL, Respondent. [802 NYS2d 781]—

Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Coccoma, J.), entered September 1, 2004 in Otsego County, granting plaintiff a separation, upon a decision of the court, (2) from an order of said court, entered August 25, 2004 in Otsego County, compelling plaintiff to sell the marital residence, and (3) from an order of said court, entered October 19, 2004 in Otsego County, which, inter alia, required plaintiff to post an undertaking as surety for a stay pending appeal.

The parties were married in 1975 and separated in 1999. Their two children are emancipated. Defendant's divorce action on the ground of cruel and inhuman treatment was dismissed in 2002 following a trial. Plaintiff subsequently petitioned Family Court for spousal maintenance. At the time the Hearing Of-

ficer considered the spousal maintenance petition, defendant earned about $31,600 annually as a beautician teacher at Otsego-Northern Catskill BOCES and plaintiff received approximately $14,100 per year in disability payments. Defendant was directed to pay $300 per month in maintenance and to keep plaintiff on her health insurance plan. In April 2003, plaintiff commenced this instant action for a judgment of separation (*see* Domestic Relations Law § 200). In September 2003, plaintiff moved for an order to extend his time to file the trial note of issue. At the same time, defendant moved for an order modifying her maintenance obligation because her salary was reduced to about $16,200 because she had not completed the numerous courses necessary to obtain a teacher's certification. Finding that this reduction resulted from no fault of defendant and that the parties' incomes were then similar, Supreme Court granted defendant's motion vacating the maintenance award.

The action for a judgment of separation culminated in a trial on the issues of maintenance and equitable distribution of the parties' property. Supreme Court, among other things, denied plaintiff maintenance finding that "plaintiff failed to present any proof to contradict the holding" of the court which vacated the original maintenance award of $300 per month. Supreme Court also fashioned a distribution of the marital property, including an order that the marital home (where plaintiff was then residing) be "sold to the first bonafide offer of $95,000 or more" and the net proceeds be divided equally. Plaintiff's parents submitted an offer of $95,000 and, the next day, defendant received an offer of $120,000 from a prospective purchaser. The parties returned to court disputing to whom the property should be sold. Supreme Court found that plaintiff's parents were not bona fide purchasers within the context of its order because of their apparent knowledge of the minimum acceptable purchase price. The court thus directed that the home be sold to the person who made the higher offer. Plaintiff received a stay of that order pending appeal (*see* CPLR 5519 [a] [6]). Supreme Court set the undertaking for the stay at $25,000 (the difference in the two purchase offers) and directed plaintiff to pay $200 per month for rent. Plaintiff appeals.

Plaintiff initially argues that Supreme Court erred in vacating the spousal maintenance award. A court may modify a maintenance award upon a showing of a "substantial change in circumstances" (Domestic Relations Law § 236 [B] [9] [b]; *see* *Dowdle v Dowdle*, 114 AD2d 699, 700 [1985]). "Determining whether a substantial change has occurred and the extent of relief occasioned by such a change are matters addressed to the

discretion of the trial court, with each case turning on its particular facts" (*Chisholm v Chisholm*, 138 AD2d 829, 830 [1988] [citations omitted]; *see Stricos v Stricos*, 309 AD2d 1047, 1048 [2003]). A downward modification is not appropriate where the spouse has "the present ability to obtain higher paying employment" (*Matter of Dupree v Dupree*, 62 NY2d 1009, 1012 [1984]), but brings about a reversal of financial condition "by the spouse's own actions or inactions" (*Matter of Doscher v Doscher*, 80 AD2d 945, 945 [1981], *affd* 54 NY2d 655 [1981]; *Matter of Reach v Reach*, 307 AD2d 512, 513 [2003]; *Matter of Sutphin v Dorey*, 233 AD2d 698, 699 [1996]).

Here, defendant stated that she began the teaching job at BOCES in 1994 and, in order to maintain her pay scale, she was required to complete 60 credits of courses within a fixed number of years. She took courses starting in 1994 and had earned 12 credits by 1996. However, she testified that, after the 1996 classes (and long before the parties separated), she did not take any more courses because she suffered from physical and mental health problems. While she kept a job at BOCES, her salary was reduced in 2003 because she had not completed the mandated credits. In light of the considerable course work that defendant had remaining to maintain her pay scale, her reported health problems and, significantly, the fact that she had stopped taking courses years before the parties separated, we are unpersuaded that Supreme Court abused its discretion in vacating the maintenance award to plaintiff.

The remaining issues asserted by plaintiff do not merit extended discussion. Supreme Court's distribution of the marital property fell within the discretion it is afforded in crafting an equitable division of such property (*see Nichols v Nichols*, 19 AD3d 775, 777 [2005]; *Lincourt v Lincourt*, 4 AD3d 666, 666-667 [2004]). Nor are we persuaded that the court erred in finding, under the particular circumstances, that the $25,000 higher offer (made one day after the offer by plaintiff's parents) should be accepted as regards the marital residence. Finally, the undertaking set by Supreme Court pending this appeal did not impermissibly stray beyond its broad discretion in making such a determination (*see Clover St. Assoc. v Nilsson*, 244 AD2d 312, 313 [1997]; *cf. Lelekakis v Kamamis*, 303 AD2d 380, 380 [2003]). The remaining arguments have been considered and found meritless.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and orders are affirmed, without costs.