(June 12, 2007)

■ MELANIE TREXLER, Respondent, v NEIL KAHANOVITZ, Appellant. [838 NYS2d 501]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered September 27, 2004, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate or modify his postjudgment child support obligations, unanimously affirmed, without costs.

Following the entry of the judgment of divorce dissolving the parties' marriage, defendant moved for, among other things, a downward modification of the child support obligations imposed upon him by a stipulation entered into between the parties. In support of that motion defendant argued that a substantial change in circumstances had occurred warranting such a modification, i.e., plaintiff was exercising only a small portion of her right of visitation with the parties' infant child, who lives with defendant. By the order appealed from, Supreme Court denied the motion. Defendant moved for leave to reargue his prior motion, abandoning his claim that a substantial change in circumstances necessitated the downward modification of his child support obligations and asserting a new claim, that the child support provisions of the stipulation were unenforceable because they did not comply with certain provisions of the Child Support Standard Act (CSSA) (Domestic Relations Law § 240

[1-b]). Supreme Court expressly denied reargument before noting in dicta that defendant's argument regarding the CSSA was without merit.

Defendant has abandoned his argument that a downward modification of his child support obligations is warranted due to a substantial change in the circumstances. The issue raised on this appeal, the claim that the child support provisions of the stipulation are unenforceable under the CSSA, is not properly before us. That issue was raised for the first time on defendant's motion to reargue, which was expressly denied. Since an appeal does not bring up for review a subsequent order denying a motion for leave to reargue—from which no appeal lies—we are foreclosed from reviewing that issue (*cf.* CPLR 5517 [a] [1]; [b]). Concur—Sullivan, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.