Order, Supreme Court, New York County (Leland DeGrasse, J.), entered December 5, 2007, which, in an action by tenants/ shareholders against a cooperative board and its officers/ directors for breach of fiduciary duty, breach of the covenant of quiet enjoyment, and concealment of corporate records and other documents, denied plaintiffs’ motion for a preliminary injunction and granted defendants’ cross motion to dismiss the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 21, 2008, which denied plaintiffs motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
Plaintiffs disagree with the board’s decisions as to the costs, means, allocation and methods employed in making repairs to the building, but fail to adduce evidence of self-dealing, fraud, or other acts constituting a breach of fiduciary duty sufficient to overcome the business judgment rule (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]; Konrad v 136 E. 64th St. Corp., 254 AD2d 110 [1998], lv denied and dismissed 92 NY2d 1042 [1999]). Plaintiffs waived their claim for breach of the covenant of quiet enjoyment by refusing to pay assessments for major structural repairs (see Dave Herstein Co. v Columbia Pictures Corp., 4 NY2d 117 [1958]). Moreover, the proprietary lease gives the cooperative an easement for the purpose of making repairs (cf. Jackson v Westminster House Owners Inc., 24 AD3d 249 [2005], lv denied 7 NY3d 704 [2006]). The record also establishes that the board supplied the records and documents requested by plaintiffs. In any event, plaintiffs fail to show how the alleged concealment caused them the money damages they seek to recover. No appeal lies from denial *375 of a motion for reargument (Trexler v Kahanovitz, 41 AD3d 161, 162 [2007]). Concur—Lippman, P.J., Gonzalez, Moskowitz, Acosta and Renwick, JJ.