Matter of Montgomery v List (2019 NY Slip Op 04560)





Matter of Montgomery v List


2019 NY Slip Op 04560


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


412 CAF 18-01364

[*1]IN THE MATTER OF SAMANTHA R. MONTGOMERY, PETITIONER-RESPONDENT,
v
WILLIAM P. LIST, RESPONDENT-APPELLANT. 






FRANK BERETTA, EAST ROCHESTER, FOR RESPONDENT-APPELLANT.
NEVAREZ AND NEVAREZ, ROCHESTER (JUAN A. NEVAREZ OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered May 17, 2018 in a proceeding pursuant to Family Court Act article 4. The order, among other things, granted petitioner's written objections to the order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother commenced this proceeding seeking, inter alia, an upward modification of respondent father's child support obligation, which had not been modified for several years despite annual increases in his income. Following a hearing, the Support Magistrate granted the mother's petition insofar as it sought an upward modification, but rejected the mother's request to impute income to the father. The father had voluntarily left a position in New York State and had accepted a position in North Carolina that paid him approximately $13,800 less per year. It was undisputed at the hearing that the motivating factor for the change of employment was the fact that the father's new wife had accepted a position in North Carolina paying $30,000 more per year than her position in New York.
The mother filed objections to the Support Magistrate's order, which had based the child support calculations on the father's actual income. Family Court granted the mother's objections, stating, "It is clear to this [c]ourt that voluntary reduction in income, however reasonable, does not permit a reduction in that parent['s] support obligation." The court therefore imputed income to the father in the amount of his annual salary from his prior job in New York, i.e., $64,819. The father appeals.
In determining the appropriate amount of child support, "the general rule is that [c]hild support is determined by the parents' ability to provide for their child rather than their current economic situation . . . Trial courts [thus] possess considerable discretion to impute income in fashioning a child support award . . . , and a court is not required to find that a parent deliberately reduced his or her income to avoid a child support obligation before imputing income to that parent" (Irene v Irene [appeal No. 2], 41 AD3d 1179, 1180 [4th Dept 2007] [internal quotation marks omitted]; see Matter of Bashir v Brunner, 169 AD3d 1382, 1383 [4th Dept 2019]; Matter of Hurd v Hurd, 303 AD2d 928, 928 [4th Dept 2003]). Moreover, courts may " impute income based upon the party's past income or demonstrated earning
potential' " (Matter of Taylor v Benedict, 136 AD3d 1295, 1295 [4th Dept 2016]), and a court's discretionary determination to impute income " will not be disturbed so long as there is record support for its determination' " (Matter of Muok v Muok, 138 AD3d 1458, 1459 [4th Dept 2016]). Nevertheless, courts may decline to impute income when a parent has a voluntary reduction in income and a legitimate and reasonable basis for such a reduction (see e.g. Matter of Dupree v Dupree, 62 NY2d 1009, 1011-1012 [1984]; Martusewicz v Martusewicz, 217 AD2d 926, 927 [4th Dept 1995], lv denied 88 NY2d 801 [1996]). Indeed, the general rule that "a parent [*2]who voluntarily quits a job will not be deemed without fault in losing such employment . . . should not be inflexibly applied where a parent quits a job for a sufficiently compelling reason" (Matter of Parmenter v Nash, 166 AD3d 1475, 1476 [4th Dept 2018], lv dismissed — NY3d — [May 2, 2019] [emphasis added]).
We thus agree with the father that the court erred when it stated that it was not permitted to reduce the father's child support obligation even if his decision to take a lower-paying job was reasonable. It is well settled that a court's failure to exercise the discretion it possesses is, in itself, an abuse of discretion (see generally Cardinal Chemical Co. v Morton Intl., Inc., 508 US 83, 103 [1993, Scalia and Souter, JJ., concurring]). We need not reverse, however, because "[t]his [C]ourt's discretion to make findings of fact from the record is as broad as that of the trial court" (Franz v Franz, 107 AD2d 1060, 1061 [4th Dept 1985], citing Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). In addition, this Court "may substitute a discretionary determination for that of the [Family] Court so long as it sets forth the factors it considered and the reasons for its decision" (Wagner v Wagner, 175 AD2d 391, 392 [3d Dept 1991]).
We thus choose to exercise our discretion and make our own determination to impute to the father a total income of $64,819. The record establishes that for the three years before he left his position in New York, the father earned $66,048, $62,240, and $64,819. The record thus establishes that the father has demonstrated the potential to earn $64,819. Moreover, we conclude that, under the circumstances of this case, we may also consider a portion of the salary of the father's wife as income of the father (see Family Ct Act § 413 [1] [b] [5] [iv]). It was undisputed that the entire reason the father left his higher-paying job in New York was so that his wife could accept a higher-salaried position in North Carolina, which resulted in a net increase in the income of his new family unit. Inasmuch as the father's voluntary decision to leave his lucrative position for a lesser-paying position "unquestionably improved [his overall] financial condition" (Chisholm v Chisholm, 138 AD2d 829, 830 [3d Dept 1988]), we conclude that we may impute some portion of the wife's higher salary to the father (see Matter of Deshotel v Mandile, 151 AD3d 1811, 1812 [4th Dept 2017]; Matter of Emery v Bond, 269 AD2d 832, 832 [4th Dept 2000]; cf. Matter of Weber v Coffey, 230 AD2d 865, 865 [2d Dept 1996]).
We therefore affirm the order insofar as setting the father's income at $64,819 per year for purposes of calculating his child support obligation and direct that the money that was paid into an escrow account during the pendency of this appeal be paid to the mother within 10 days after service of the order of this Court with notice of entry.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court