Matter of Valvo v Valvo (2023 NY Slip Op 03746)

Matter of Valvo v Valvo

2023 NY Slip Op 03746

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

CV-22-2062
[*1]In the Matter of Frank S. Valvo III, Appellant,
v
Patricia J. Valvo, Respondent.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ.

Smith, Dominelli & Guetti LLC, Albany (Jennifer L. Dominelli of counsel), for appellant.
Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer Powers Rutkey of counsel), for respondent.

McShan, J.
Appeal from an order of the Family Court of Saratoga County (Amy J. Knussman, J.), entered May 19, 2022, which, in a proceeding pursuant to Family Ct Act article 4, among other things, partially granted respondent's objections to an order of a Support Magistrate.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) were divorced in 2012 following a 23-year marriage. The judgment of divorce incorporated, but did not merge, a prior separation agreement that contained provisions for maintenance and child support for the parties' three children (born in 1994, 1999 and 2003). The separation agreement directed the father to pay $1,840.41 biweekly in maintenance and $1,245.34 biweekly in child support. In June 2018, the father sought to modify his maintenance and child support obligations. The Support Magistrate (Densmore, S.M.), among other things, reduced the father's child support obligation to $250 biweekly until February 2020, at which point the obligation would decrease to $200 biweekly, and left the maintenance obligation unchanged.

In August 2020, the father filed the instant petition seeking to modify his maintenance and child support obligations, alleging that his income had decreased since the time of the parties' divorce.[FN1] The father requested that both the judgment of divorce and the 2018 order be modified to reflect a substantial reduction in salary that occurred in 2020. At the conclusion of the hearings on that petition, the Support Magistrate determined that the father had demonstrated an extreme hardship to justify a reduction in spousal support and, thus, reduced his maintenance obligation and ordered a corresponding increase in his child support obligation. The mother filed objections arguing that it was an error to modify the maintenance and child support as the father did not prove that an extreme hardship had occurred since the 2018 order, and the father submitted a rebuttal. Upon its review, Family Court granted the mother's objection, determining, among other things, that the father had failed to demonstrate an extreme hardship warranting modification of his maintenance obligations, but that he had demonstrated a sufficient change in income to warrant modification of his child support obligations. Accordingly, Family Court directed that the prior maintenance obligation be reinstated and remanded the matter to the Support Magistrate to determine the appropriate modification to the father's child support obligation, along with a corresponding reacalculation of any maintenance and child support arrears. The father appeals.
"Where, as here, the parties' settlement agreement was incorporated into the judgment of divorce, no modification as to maintenance shall be made without a showing of extreme hardship" (Matter of Cranston v Horton, 99 AD3d 1090, 1091 [3d Dept 2012]; see Domestic Relations Law § 236 [B] [9] [b] [1]; McKay v McKay, 105 AD3d 1296, 1297 [3d Dept 2013], lv dismissed 22 NY3d 892 [2013]; Morrissey [*2]v Morrissey, 61 AD3d 1089, 1091 [3d Dept 2009]; Hawley v Hawley, 247 AD2d 806, 807 [3d Dept 1998]). The party seeking modification of a maintenance provision must clearly and convincingly establish the requisite change in circumstances (see Deanna [B.]J. v Donald M.B., 49 AD3d 1347, 1347 [4th Dept 2008]; Watrous v Watrous, 292 AD2d 691, 692 [3d Dept 2002]; Matter of Barrett v Barrett, 281 AD2d 799, 801 [3d Dept 2001]) and the determination on whether he or she has done so is "addressed to the discretion of the trial court, with each case turning on its particular facts" (Hickman v Hickman, 204 AD3d 1116, 1117 [3d Dept 2022] [internal quotation marks and citations omitted]; see Ryan v Ryan, 197 AD3d 869, 869-870 [4th Dept 2021], lv dismissed & denied 38 NY3d 1054 [2022]). In conducting our review, we accord the appropriate deference to the credibility determinations of the Support Magistrate and Family Court (see Saber v Saccone, 192 AD3d 1400, 1402 [3d Dept 2021], lvs denied 37 NY3d 909 [2021]; see also Matter of Latimer v Cartin, 57 AD3d 1264, 1265 [3d Dept 2008]).
At the outset, we agree with Family Court that we must assess whether the father established an extreme hardship by measuring the change in circumstances from the 2018 order entered upon consent of the parties, as the father sought modification of that order in his petition and it remains the effective order concerning his support obligations (see Rabinovich v Shevchenko, 120 AD3d 786, 786 [2d Dept 2014]; Taylor v Taylor, 107 AD3d 785, 786 [2d Dept 2013]; Rooney v Rooney, 99 AD3d 785, 785 [2d Dept 2012]; see also Trexler v Kahanovitz, 41 AD3d 161, 161 [1st Dept 2007]; Alexander v Alexander, 134 AD2d 796, 797 [3d Dept 1987]). To that end, since the entry of the 2018 order, the father's prior employer, after initially reducing his salary, terminated his employment in October 2020, for reasons not attributable to his job performance. Nevertheless, the record establishes that, although the father began searching for jobs in November 2020, he was notified in September 2020 of his impending termination, and he did not submit any employment applications until January 2021. Moreover, the father indicated that he had limited his search to jobs that corresponded with his "software skill set," however, the record reveals that he possessed a Bachelor's degree in accounting and had not pursued any opportunities that were primarily in that field. The father also testified that he did not file for unemployment benefits because he was concerned that he would lose his government security clearance, but he offered no concrete basis for his belief and, moreover, he acknowledged that his failure to meet his child support obligations also put his clearance at risk. Accordingly, we agree with Family Court that the father's support for his alleged hardship is at least partially attributable to his self-imposed limitations on potential employment and reluctance to take advantage of any unemployment benefits [*3]he may have been entitled to (see Hall v Hall, 22 AD3d 979, 981 [3d Dept 2005]; see also Hickman v Hickman, 204 AD3d at 1117-1118; Matter of Rodriguez v Mendoza-Gonzalez, 96 AD3d 766, 767 [2d Dept 2012]).[FN2] Further, we discern no error in Family Court's consideration of the father's assets or his recent modification to his mortgage, which resulted in higher monthly payments, in determining whether he had demonstrated an extreme hardship (see Sayers v Sayers, 129 AD3d 1519, 1520 [4th Dept 2015]; Ashmore v Ashmore, 114 AD3d 712, 713 [2d Dept 2014], appeal dismissed 24 NY3d 974 [2014]; Watrous v Watrous, 292 AD2d at 693; see also Pernetti v Turci, 213 AD2d 277, 278 [1st Dept 1995]; Matter of Archer v Archer, 142 AD2d 881, 882 [3d Dept 1988]). Altogether, we find that the record amply supports Family Court's determination that the father failed to meet his burden warranting a modification of his maintenance obligation (see McKay v McKay, 105 AD3d at 1298; Matter of Cranston v Horton, 99 AD3d at 1091; Matter of Vizvary v Vizvary, 265 AD2d 697, 698-699 [3d Dept 1999]).
As to the father's child support obligation, although Family Court correctly notes that the father's income had sufficiently changed since the 2018 order to permit modification, the father's petition sought a modification of that obligation based upon his request for a reduction in his maintenance obligation and, more importantly, the mother's petition, which was dismissed by the Support Magistrate, did not seek an upward modification of his child support obligation. Accordingly, we find, consistent with the father's contention, that the award of child support from the 2018 order should be reinstated. We therefore leave in place that part of the order remanding the matter to the Support Magistrate to recalculate any outstanding support arrears consistent with our determination. The father's remaining arguments have been considered and found unavailing.
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the facts and the law, without costs, by reversing so much thereof as directed modification of petitioner's child support obligation; the prior child support obligation is reinstated; and, as so modified, affirmed.

Footnotes

Footnote 1: The mother had originally filed a violation petition in November 2019 alleging, among other things, that the father had failed to pay certain education-related expenses for the youngest child. That petition was resolved during trial by consent of the parties. In response, the father had also cross-petitioned for a modification of child support, and that petition was dismissed as moot.

Footnote 2: Notably, based upon the father's ability to obtain employment commensurate with his education and experience, the Support Magistrate imputed an amount of income to the father that exceeded his income at the time the 2018 order was entered on consent. Further, that imputed income figure fell in the lower half of the range provided by the father's expert witness, a vocational evaluator, who indicated that, based upon the father's history, education and training, his job prospects consisted of work in various fields including accounting, database administration, information security analysis and computer systems analysis.