Victoria M. v Christopher L. (2024 NY Slip Op 05859)

Victoria M. v Christopher L.

2024 NY Slip Op 05859

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

CV-23-1410
[*1]Victoria M., Respondent,
v
Christopher L., Appellant.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Mark E. Cerasano of counsel), for appellant.
Casey Law, LLC, Albany (John B. Casey of counsel), for respondent.

Clark, J.P.
Appeal from an order of the Supreme Court (Keith M. Bruno, J.), entered July 7, 2023 in Clinton County, which granted plaintiff's motion for an award of counsel fees.
Plaintiff (hereinafter the mother) and defendant (hereinafter the father) are the parents of two children (born in 2009 and 2013) and were divorced in October 2021. The judgment of divorce incorporated, but did not merge with, the parties' stipulation placed on the record in May 2021 and their June 2021 supplemental written stipulation. Among other things, these stipulations addressed equitable distribution and the parties' custodial arrangement. Soon after, new disputes arose and the parties engaged in additional litigation.[FN1] As relevant on appeal, on April 4, 2022, the father filed a pro se motion seeking to enforce various terms of the judgment of divorce and to hold the mother in contempt for the alleged violations. The mother filed a family offense petition against the father on May 4, 2022, and she filed a cross-motion on May 10, 2022 seeking to modify the terms of their custody agreement, to enforce certain terms of the judgment of divorce and to hold the father in contempt. Then, on May 24, 2022, the father filed a family offense petition against the mother. The record reflects that Supreme Court denied the father's motion in its entirety in June 2022, and that the remaining matters were scheduled for a hearing in August 2022. As the hearing approached, however, the father sought an adjournment to retain counsel, and the matter was adjourned.
At the start of the hearing on January 19, 2023, the father withdrew his family offense petition.[FN2] The parties then proceeded to a hearing on the mother's family offense petition and her cross-motion. After two days of testimony, those matters were resolved through a stipulation placed on the record on May 10, 2023. Pursuant to said stipulation, the mother withdrew her family offense petition, and the parties agreed that she would have final decision-making authority over matters pertaining to the children's education and medical care, but otherwise, they would continue to share legal custody. Further, the parties agreed to submit simultaneous applications for counsel fees, to be decided on submission. The mother sought approximately $50,000 in counsel fees, while the father sought nearly $28,000. After reviewing the parties' submissions, Supreme Court directed the father to pay the mother $25,000 in counsel fees within 60 days. The father appeals.
Supreme Court may award counsel fees to a parent seeking to modify or enforce a custody order "as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [b]; see Hickman v Hickman, 204 AD3d 1116, 1119 [3d Dept 2022]). There is a rebuttable presumption that the less monied parent shall be awarded counsel fees (see Domestic Relations Law § 237 [b]). However, in deciding whether to grant an award [*2]of counsel fees and in setting the amount of such, the trial court should consider the totality of the circumstances, including but not limited to the parties' financial circumstances; the relative merit of the parties' positions; the time commitment involved; the complexity and difficulty of the matters; the nature of the services provided; counsel's experience; the results obtained; and the cause and effect of unnecessary delays (see Hickman v Hickman, 204 AD3d at 1119; Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d 1180, 1183 [3d Dept 2014]; Xiaokang Xu v Xiaoling Shirley He, 77 AD3d 1083, 1085-1086 [3d Dept 2010]; Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1287 [3d Dept 2007]; see also 22 NYCRR 130-1.1; Johnson v Chapin, 12 NY3d 461, 467 [2009]).
As part of their settlement, the parties expressly agreed to resolve the issue of counsel fees on submission. In support of their respective motions, each party submitted their counsel's retainer agreement and bills, as well as factual assertions about the purported merits of their respective claims. Supreme Court then issued an order granting the mother $25,000 in counsel fees, without providing any reasoning for its decision. Although we possess discretionary authority to fix a counsel fee award that is as broad as that of Supreme Court, we recognize that the latter is far better positioned to weigh the relevant factors, including resolving factual disagreements present in the parties' papers, and to set an award based upon its experience with these particular circumstances (see Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d at 1183; Mac Murray v Mac Murray, 187 AD2d 840, 841 [3d Dept 1992]; Shrauger v Shrauger, 146 AD2d 955, 956 [3d Dept 1989], appeal dismissed 74 NY2d 844 [1989]). As the order on appeal is insufficient "to permit intelligent review" of whether the court abused its discretion, we withhold decision, hold the appeal in abeyance and remit the matter to Supreme Court to "provide a concise but clear explanation of its reasons for the fee award" (Ricciuti v Lombardi, 256 AD2d 892, 893 [3d Dept 1998] [internal quotation marks and citation omitted]; see Imrie v Ratto, 187 AD3d 1344, 1351-1352 [3d Dept 2020]; Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d at 1183; Sears v First Pioneer Farm Credit, ACA, 46 AD3d at 1287; compare Matter of James H. Supplemental Needs Trusts, 194 AD3d 1167, 1169-1170 [3d Dept 2021], lv dismissed 37 NY3d 1137 [2022]; Webster v Ragona, 51 AD3d 1128, 1131 [3d Dept 2008]).
Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Although not directly relevant to this appeal, the mother sought to hold the father in contempt around November 2021. The matter was resolved without a contempt finding, but Supreme Court granted the mother an award of counsel fees in January 2022.

Footnote 2: These proceedings appear to have been handled in Supreme Court, but the order dismissing the father's family offense petition was issued by Family Court (Bruno, J.).