Victoria M. v Christopher L. (2025 NY Slip Op 01687)

Victoria M. v Christopher L.

2025 NY Slip Op 01687

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CV-23-1410
[*1]Victoria M., Respondent,
v
Christopher L., Appellant.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Mark E. Cerasano of counsel), for appellant.
Casey Law LLC, Albany (John B. Casey of counsel), for respondent.

Clark, J.P.
Appeal from an order of the Supreme Court (Keith Bruno, J.), entered July 7, 2023 in Clinton County, which granted plaintiff's motion for an award of counsel fees.
Plaintiff (hereinafter the mother) and defendant (hereinafter the father) are the parents of two children (born in 2009 and 2013). The parties were divorced in October 2021 but continued to be involved in postjudgment litigation. As relevant herein, the father filed a pro se motion in April 2022 seeking to enforce certain terms of the judgment of divorce. In May 2022, the mother filed a family offense petition against the father, as well as a cross-motion seeking to modify the custody agreement and to enforce certain terms of the judgment of divorce. The father filed his own family offense petition against the mother soon after. Supreme Court denied the father's motion in June 2022, and a hearing was scheduled for August 2022 on the remaining matters; as the hearing approached, the father sought an adjournment to obtain counsel, and the matter was adjourned. The father retained counsel in September 2022.
At the start of the hearing in January 2023, the father withdrew his family offense petition and the parties proceeded to a hearing on the mother's family offense petition and her cross-motion. On the third day of the hearing, the parties agreed to a resolution continuing joint legal custody but granting the mother final decision-making authority over the children's education and medical care.[FN1] Further, the parties agreed to file simultaneous applications for counsel fees, to be decided on submission; the mother sought approximately $50,000 in counsel fees, while the father sought nearly $28,000. In July 2023, Supreme Court directed the father to pay the mother $25,000 in counsel fees. Upon the father's appeal, we found that the order was "insufficient to permit intelligent review of whether the court abused its discretion," withheld decision and remitted the matter, directing the court "to provide a concise but clear explanation of its reasons for the fee award" (232 AD3d 1098, 1100 [3d Dept 2024] [internal quotation marks and citations omitted]). Thereafter, Supreme Court issued a decision setting forth its rationale, and the parties submitted supplemental letter briefs, which we have considered herein.
Supreme Court may award counsel fees to a parent seeking to modify or enforce a custody order "as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [b]; see Hickman v Hickman, 204 AD3d 1116, 1119 [3d Dept 2022]). Although a rebuttable presumption exists in favor of the less monied parent, ultimately, an award of counsel fees should consider the totality of the circumstances, including but not limited to the parties' financial circumstances; the relative merit of the parties' positions; the time commitment involved; the complexity and difficulty of the matters; the nature of the services [*2]provided; counsel's experience; the results obtained; and the cause and effect of unnecessary delays (see Domestic Relations Law § 237 [b]; Hickman v Hickman, 204 AD3d at 1119; Haselton Lbr. Co., Inc. v Bette & Cring, LLC, 123 AD3d 1180, 1183 [3d Dept 2014]; Xiaokang Xu v Xiaoling Shirley He, 77 AD3d 1083, 1085-1086 [3d Dept 2010]; Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1287 [3d Dept 2007]; see also 22 NYCRR 130-1.1; Johnson v Chapin, 12 NY3d 461, 467 [2009]).
Here, Supreme Court was familiar with these parties, having presided over their lengthy divorce action and another postjudgment proceeding. The court found that, pursuant to their divorce stipulation, the father was not entitled to the relief he sought through his April 2022 motion. By contrast, the mother's cross-motion was necessary, as the father refused to cooperate with enrolling one of the children in counseling, despite recognizing that the child had been exhibiting concerning behaviors. The court also considered the parents' relative financial circumstances, including, but not limited to, the mother's waiver of child support. More importantly, the court noted that the father had a pattern of causing unnecessary delays and taking unreasonable positions, which required the mother to incur significant legal fees, including having her counsel prepare for hearing dates which were narrowed or resolved at the last minute.[FN2] Accordingly, under these particular circumstances, we find that Supreme Court properly exercised its discretion in granting the mother an award of counsel fees (see Matter of Angelica CC. v Ronald DD., 214 AD3d 1091 [3d Dept 2023], lv denied 39 NY3d 915 [2023]; Curley v Curley, 195 AD3d 1183, 1185-1186 [3d Dept 2021], lv denied 38 NY3d 905 [2022]; Gordon-Medley v Medley, 160 AD3d 1146, 1148-1149 [3d Dept 2018]; compare Hickman v Hickman, 204 AD3d at 1119).
Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: The mother also agreed to withdraw her family offense petition.

Footnote 2: The prior postjudgment proceeding culminated in Supreme Court granting the mother an award of counsel fees due to the father's dilatory tactics.